# No. 24-3012

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

**AMERICAN BOARD OF INTERNAL MEDICINE,**

*Plaintiff-Appellant*

v.

**JAIME SALAS RUSHFORD, M.D.,**

*Defendant-Appellee*

On Appeal from the United States District Court
for the District of New Jersey
(No. 2:14-cv-06428-KSH-CLW, Hon. Katharine S. Hayden presiding)

**BRIEF OF DEFENDANT-APPELLEE JAIME SALAS RUSHFORD, M.D.**

Andrew L. Schlafly
939 Old Chester Rd.
Far Hills, NJ 07931
908-719-8608
908-934-9207 (fax)

*Attorney for Defendant-Appellee*

# TABLE OF CONTENTS

Page(s)

Table of Contents ................................................................................ ii

Table of Authorities ..........................................................................iv

I.  Statement of Issues ........................................................................1

II. Statement of the Case .....................................................................2

    A. Relevant Factual Background.........................................................3

    B. Relevant Procedural History...........................................................9

    C. Ruling Presented for Review..........................................................12
        a. Alleged Actual Copying ..........................................................14
            i.  August 12, 2009 emails ..........................................15
            ii. August 13 & 16, 2009 emails  .................................15
        b. Alleged Material Misappropriation ..........................................16

III. Summary of Argument  ................................................................18

IV. Standard of Review........................................................................20

V. Argument ......................................................................................20

    A. ABIM Waived Its Primary Argument by Not Asserting It Below, and
    the District Court Did Not Misapply the Law as ABIM Failed to Seek
    Actual or Statutory Damages Concerning Its Untimely 2009
    Registration  .....................................................................................20

    B. The District Court Correctly Held that ABIM Did Not Raise Any Genuine
    Issues of Material Fact as to Dr. Salas Rushford's Infringement of Exam
    Questions Protected By ABIM's Registrations ....................................25

        1.  There Is No Direct Evidence of Copying by Dr. Salas Rushford ...........25

        2.  There Is No Indirect Evidence of Copying by Dr. Salas Rushford..........29

(a)    ABIM Failed to Present Evidence of Access by Dr. Salas Rushford to Copyright-Protected Material .........................................31

(b)    ABIM Failed to Present Adequate Evidence of Substantial Similarity Analysis of Copyright-Protected Material........................35

C. The District Court's Analysis of Alleged Misappropriation Is Entirely Correct ..................................................................................38

1. There Was No Error Below Concerning Exam Questions from the 2009 Exam that May Have Been Protected by the 2007 and 2008 Registrations .................................................................................39

2.  The District Court Properly Relied on Dr. Salas Rushford's Expert's Testimony By Applying the *Whelan* Analysis ...............................41

3. The District Court Correctly Ruled that Dr. Salas Rushford's Expert Report Rebutted the Presumption of Validity of ABIM's Copyright Registrations..................................................................43

4. The District Court Correctly Required ABIM to Provide Some Evidence of Protectability, which ABIM Cannot and Did Not Do ......................................................................................45

5. The District Court Was Correct in Not Asking a Jury to Determine Which Particular Aspects of ABIM's Exam Questions Are Unoriginal and Unprotectable  ..............................................49

D. ABIM Never Satisfied the "Work-for-Hire" Assignment Requirement To Have a Valid Relevant Copyright Registration.............................51

E. The District Court Should Have Found that the Case is Time-Barred .........52

VI. Conclusion ......................................................................................53

Combined Certifications ..........................................................................54

# TABLE OF AUTHORITIES

**Cases** Page(s)

*American Board of Internal Medicine v. Arora, et al.*,
No. 2:09-05707 (E.D. Pa. 2009) ................................................. 6

*Am. Bd. of Internal Med. v. Salas Rushford*,
841 F. App'x 440 (3d Cir. 2020) ............................................... 10

*Am. Registry of Radiologic Technologists v. Hansen*,
No. CV07-06224-MMM (AGRx),
2008 U.S. Dist. LEXIS 100442 (C.D. Cal. Dec. 2, 2008)....................28, 29, 42

*Andrien v. Southern Ocean Cnty. Chamber of Commerce*,
927 F.2d 132 (3d Cir. 1991) ..................................................... 48

*Armstrong v. Brown,* 768 F.3d 975 (9th Cir. 2014)................................38

*Boisson v. Banian, Ltd.*, 273 F.3d 262 (2d Cir. 2001) ...........................47

*Bouchat v. Baltimore Ravens*, 241 F.3d 350 (4th Cir. 2000)....................31

*Branch v. Ogilvy & Mather, Inc.*, 772 F. Supp. 1359 (S.D.N.Y. 1991)..................24

*Christopher Phelps & Assocs., LLC v. Galloway*, 492 F.3d 532 (4th Cir. 2007) ...40

*Compulife Software, Inc. v. Newman*, 959 F.3d 1288 (11th Cir. 2020) ......45, 46, 50

*Connection Training Servs. v. City of Phila.*,
358 F. App'x 315 (3d Cir. 2009) ............................................... 48-49

*Cottrill v. Spears*, 87 F. App'x 803 (3d Cir. 2004)................................16

*Dam Things from Denmark v. Russ Berrie & Co.*, 290 F.3d 548 (3d Cir. 2002)....50

*De Acosta v. Brown*, 146 F.2d 408 (2d Cir. 1944) ................................34

*Douglas v. Cunningham*, 294 U.S. 207 (1935).................................22, 23

*Educ. Testing Servs. v. Katzman*, 793 F.2d 533 (3d Cir. 1986)..................18, 42, 48

*Educ. Testing Serv. v. Miller*, No. 88-2819, 1991 U.S. Dist. LEXIS 13580,
1991 WL 212181 (D.D.C. Sept. 30, 1991)........................................26

*Educ. Testing Serv. v. Simon*, 95 F. Supp. 2d 1081 (C.D. Cal. 1999) ....................42

*Fedorczyk v. Caribbean Cruise Lines, Ltd.*, 82 F.3d 69 (3d Cir. 1996).................36

*Feist Publ'ns v. Rural Rel. Serv. Co.*, 499 U.S. 340 (1991) ...................38

iv

*Fodor v. L.A. Unified Sch. Dist.*, No. CV 12-8090 DMG (CWx),
   2014 U.S. Dist. LEXIS 188398 (C.D. Cal. June 3, 2014) ...........................29, 34

*Ford Motor Co. v. Summit Motor Prods.*, 930 F.2d 277 (3d Cir. 1991) .................42

*Golan v. Holder*, 565 US 302 (2012)...................................................................23

*Grondin v. Fanatics, Inc.*, No. 22-1946,
   2023 U.S. Dist. LEXIS 65897 (E.D. Pa. Apr. 14, 2023), *aff'd*,
   2024 U.S. App. LEXIS 32729 (3d Cir. Dec. 27, 2024).....................................34

*Hian v. Louis Vuitton USA Inc.*, No. 22-3742,
   2024 U.S. Dist. LEXIS 114123 (E.D. Pa. June 28, 2024)..................................32

*Hofmann v. Pressman Toy Corp.*, 790 F. Supp. 498 (D.N.J. 1990) ........................33

*Hughes v. Long*, 242 F.3d 121 (3d Cir. 2001) ...........................................................20

*Jewell-LaSalle Realty Co. v. Buck*, 283 U.S. 202 (1931) .........................................23

*Johnson Controls, Inc. v. Phx. Control Sys.*, 886 F.2d 1173 (9th Cir. 1989)..........44

*Jordan v. U.S.*, No. 23-3757,
   2024 U.S. App. LEXIS 31661 (6th Cir. Dec. 12, 2024) ............................. 37-38

*Kamar Int'l, Inc. v. Russ Berrie & Co.*, 657 F.2d 1059 (9th Cir. 1981).................33

*Kay Berry, Inc. v. Taylor Gifts, Inc.*, 421 F.3d 199 (3d Cir. 2005) ............18, 49, 51

*Klein & Heuchan, Inc. v. Costar Realty Info., Inc.*,
   No. 8:08-cv-1227-T-30EAJ,
   2009 U.S. Dist. LEXIS 136688 (M.D. Fla. Nov. 25, 2009)..............................28

*Kuhar v. Petzl Co.*, No. 19-3900, 2022 U.S. App. LEXIS 9914
   (3d Cir. Apr. 13, 2022) ....................................................................................37

*Malibu Textiles, Inc. v. Label Lane Int'l, Inc.*, 922 F.3d 946 (9th Cir. 2019)...33, 34

*Masquerade Novelty v. Unique Indus.*, 912 F.2d 663 (3d Cir. 1990)....................47

*Munroe v. Cent. Bucks Sch. Dist.*, 805 F.3d 454 (3d Cir. 2015) ...........................20

*Nat'l Conference of Bar Exam'rs v. Multistate Legal Studies, Inc.*,
   458 F. Supp. 2d 252 (E.D. Pa. 2006)...........................................................26, 44

*Par Microsystems, Inc. v. Pinnacle Development Corp.*,
   995 F. Supp. 658 (N.D. Tex. 1998) ..................................................................24

*Pohl v. MH Sub I LLC*, 770 F. App'x 482 (11th Cir. 2019)...................................48

*R.W. Beck, Inc. v. E3 Consulting, Ltd. Liab. Co.*,
   577 F.3d 1133 (10th Cir. 2009) .......................................................................40

*Rottlund Co. v. Pinnacle Corp.*, 452 F.3d 726 (8th Cir. 2006) ..............................25

*Simko v. U.S. Steel Corp*, 992 F.3d 198 (3d Cir. 2021) .................................... 21-22

*Snead v. Casino,* 700 F. Supp. 3d 203 (D.N.J. 2023) ................................................15

*Streetwise Maps. v. VanDam, Inc.*, 159 F.3d 739 (2d Cir. 1998)...........................40

*Swirsky v. Carey*, 376 F.3d 841 (9th Cir. 2004) .....................................................44

*Tanksley v. Daniels*, 902 F.3d 165 (3d Cir. 2018)................................. 17, 18, 29-30

*TD Bank, N.A. v. Hill*, No. 12-7188 (RBK/JS),
2015 U.S. Dist. LEXIS 97409 (D.N.J. July 27, 2015),
*aff'd*, 928 F.3d 259 (3d Cir. 2019).......................................................................50

*Trombetta v. Novocin*, No. 18-CV-0993-LTS-SLC,
2024 U.S. Dist. LEXIS 28629 (S.D.N.Y. Feb. 20, 2024) ...........................24, 25

*United States ex rel. Greenfield v. Medco Health Sols., Inc.*,
880 F.3d 89 (3d Cir. 2018) ................................................................................48

*Uzuegbunam v. Preczewski*, 592 U.S. 279 (2021)...................................................25

*Visual Communs., Inc. v. Assurex Health, Inc.*,
No. 14-3854, 2014 U.S. Dist. LEXIS 131495 (E.D. Pa. Sep. 18, 2014)...........31

*W. Am. Ins. Co. v. Jersey Cent. Power & Light Co.*, Civ. No. 03-6161 (WHW),
2008 U.S. Dist. LEXIS 101153 (D.N.J. Dec. 15, 2008)....................................37

*Whelan Assocs. v. Jaslow Dental Lab., Inc.*,
797 F.2d 1222 (3d Cir. 1986) ............................................................. iii, 41, 42

*Yellow Pages Photos, Inc. v. Ziplocal LP*, 846 F.3d 1159 (11th Cir. 2017) ..........25

*Zeller v. J.C. Penney Co.*, 05-cv-2546 (RBK), 2008 U.S. Dist. LEXIS 25993,
2008 WL 906350 (D.N.J. Mar. 31, 2008) ........................................................37

## Statutes, Legislative History, and Rules

17 U.S.C. § 101 ....................................................................................................47

17 U.S.C. § 410(c) ...............................................................................................47

17 U.S.C. § 412....................................................................................... ....21, 24

17 U.S.C. § 412(2) ................................................................................................12

17 U.S.C. § 502 ....................................................................................................22

17 U.S.C. § 503....................................................................................................22

17 U.S.C. § 504(a)(1) ........................................................22

17 U.S.C. § 504(b) ............................................................24

17 U.S.C. § 504(c) ............................................................24

17 U.S.C. § 505 .................................................................21

17 U.S.C. § 507(b) .....................................................2, 10, 52

House Report No. 94–1476 ..........................................23, 24

Fed. R. Evid. 602 .............................................................27

Fed. R. Evid. 702 .............................................................37

Third Circuit L.A.R. 28.1(a)(1) ....................................1, 18

**Internet**

https://www.abim.org/media-center/press-releases/abim-sanctions-
   physicians-for-ethical-violations ....................................8

https://www.kevinmd.com/2010/06/abim-responds-doctors-sharing-
   board-certification-questions.html ..................................8

NicknameDB, https://nicknamedb.com/Jaime .......................53

## I.    STATEMENT OF ISSUES

The issues presented in this appeal are:

1. Whether Plaintiff-Appellant American Board of Internal Medicine ("ABIM") can properly raise a new claim on appeal for injunctive relief and nominal damages (which is not part of the Copyright Act) after limiting its claim below to statutory damages, due to the untimeliness of its 2009 copyright registration. (ABIM cites to the district court decision itself, at JA17-18, and then to its brief where ABIM does not make any reference to nominal damages, at JA11704-07; ABIM failed to raise this issue below and yet misrepresents that it did, in violation of L.A.R. 28.1(a)(1).)

2. Whether the district court properly found no genuine issues of material fact as to copyright infringement by Dr. Salas Rushford:

   a. as to alleged direct copying, ABIM concedes that Dr. Salas Rushford did not copy from his own exam, and ABIM presented no evidence of another student having any access to material copyrighted by timely registrations by ABIM (JA29-34; 11457-59)

   b. as to alleged indirect copying, ABIM did not prove substantial similarity to any copyright-protected material, as the court rejected its inadmissible expert report for being entirely an impermissible net opinion. (JA34-38; 11459, 11464-65)

1

3. Whether the district court properly found no triable issue at to alleged misappropriation when ABIM failed to provide evidence of any protected questions and answers that were copied by Dr. Salas Rushford, while his expert demonstrated that the material was not copyright protectable. (JA38-42; 11467-69)

4. Whether ABIM's reference to a 2011 work-for-hire agreement salvages defective copyright registrations in 2007 and 2008 that falsely claimed work-for-hire without having the requisite written agreements. (JA28-29; 11456-57; 11740-41)

5. Whether the district court should have found that the case is time-barred. (JA26-28; 11450; 11454-56)

## II.    STATEMENT OF THE CASE

Filed in 2014 about private emails sent in 2009, this lawsuit is ABIM's decade-long attempt to apply the Copyright Act in an unprecedented manner against a student in a test prep course. ABIM does not allege, nor could it, that Dr. Salas Rushford repeated any exam questions that he saw on the ABIM Board examination that he took and passed in August 2009. ABIM does not allege, nor could it, that Dr. Salas Rushford profited in any way from any ABIM questions. ABIM does not allege any actual damages from his emails, and ABIM is unable to cite any precedent having facts remotely similar to its allegations here. To circumvent the 3-year statute of limitations, 17 U.S.C. § 507(b), ABIM invoked the discovery rule to sue more than 5 years after the alleged infringement.

2

ABIM waived any claim for actual damages and based its entire case on alleged repetition by Dr. Salas Rushford to his instructor of questions allegedly seen by another student on ABIM's 2009 board certification exam. ABIM based its motion for summary judgment below primarily on its 2009 Registration with the Copyright Office of questions on that exam. But ABIM's 2009 Registration was untimely for suing based on it. ABIM thereby wasted the time of the district court and Dr. Salas Rushford – and now this Court – with voluminous factual assertions lacking any valid cause of action.

The district court granted Dr. Salas Rushford's cross-motion for summary judgment on this and other fatal defects in ABIM's unprecedented claim. Now in its 12th of litigation by ABIM against a student for his participation in a well-established test prep course taught by an ABIM Board-certified student, there are multiple bases for putting this case to bed as the district court properly did below. This is not a case in which to hold a jury trial, and the Copyright Act was never intended to be applied against a mere student who did not copy any questions from his exam.

### A. Relevant Factual Background

Dr. Salas Rushford graduated with honors from the University of Puerto Rico School of Medicine in San Juan, Puerto Rico, near where he grew up, and completed his training in residency programs at hospitals in New York City, and

then the San Juan City Hospital in Puerto Rico. (JA11499 ¶¶ 5-8) He is licensed in good standing to practice medicine in Puerto Rico and in three states: Florida, North Carolina, and New York. (JA11498 ¶¶ 1-2) In December 2020, Defendant was honored by Whole Foods, the national grocer, as one of the "Person of the Year 2020: Frontline Heroes" for volunteering to treat Covid-19 at the height of the pandemic at Coney Island Brooklyn Hospital in New York City. (JA11499 ¶ 3) He was honored by the Senate and House of Representatives of the Commonwealth of Puerto Rico, and was a first responder to the Haiti earthquake crisis. (JA11499 ¶ 4)

As is customary among physicians (and similar to how attorneys prepare for a bar exam), and upon the recommendation of and partial funding by his medical residency program, Dr. Salas Rushford took the Arora Board Review (ABR) test prep course in May 2009 prior to sitting for the August 2009 board certification exam by the ABIM. (JA11499-500 ¶¶ 9-10) This test prep course was fully accredited by the Medical Society of The State of New York (MSSNY), a recognized accreditor of the Accreditation Council for Continuing Medical Education (ACCME) for accreditation of American Medical Association (AMA) PRA Category 1 Credits™ which are accepted nationwide as an educational metric for hospital privileging, state licensure and professional credentialing of physicians. (JA11500 *Id.* ¶ 11) The instructor, Rajender K. Arora, M.D., was triply

board certified by the ABIM (JA11501 ¶ 21) and had taught this same course for about 15 years. (JA11503 ¶ 35) Dr. Arora testified that he was always fully compliant with any requests made by ABIM concerning his test prep course, which included only one objection by ABIM in more than decade, with which Dr. Arora immediately complied. (JA11504 ¶ 36)

ABIM is a private tax-exempt Iowa corporation lacking in any governmental or academic authority. (JA11502 ¶¶ 26-27; JA78, Compl. ¶¶ 2, 7) ABIM is not affiliated with any state medical board, medical school or university, and is a business selling board certifications in the field of internal medicine, which is the specialty of Dr. Salas Rushford. (JA11502 ¶¶ 28-29; JA78-80, Compl. ¶¶ 2, 10-14) ABIM is criticized within the medical profession as to the undue burdens that its multiple-choice exam imposes, without evidence of benefit. (JA11503 ¶ 30) ABIM's exam is secondary in training to medical residency programs, and time spent by a student in studying for ABIM's exam is time taken away from the medical residency program and clinical training. (*Id.* ¶ 31)

Salas Rushford took and passed the ABIM exam on August 20, 2009. (JA11500 ¶ 12; JA89, Compl. ¶ 48) He complied fully with his obligations not to publish or communicate any test questions that he saw on his exam, and ABIM does not allege otherwise. (JA80-82, Compl. ¶¶ 19-22) It is undisputed that Salas

Rushford did not share the contents of his exam with anyone, including Arora. (JA11500 ¶ 12)

But subsequently in 2009, unbeknownst to Salas Rushford and not until after he had taken his test preparation course and passed ABIM's exam, ABIM accused the test prep instructor Dr. Arora of copyright infringement in connection with his ABR course. (JA89-90, Compl. ¶ 49) In December 2009, "ABIM obtained voluminous documents and computer files, including Dr. Arora's e-mails with his customers," which necessarily included all of Dr. Salas Rushford's emails which form the basis of ABIM's lawsuit here. (JA90, Compl. ¶ 50) ABIM seized Dr. Arora's course records based on an *ex parte* seizure order obtained in 2009 in the action of *American Board of Internal Medicine v. Arora, et al.*, No. 2:09-05707 (E.D. Pa. 2009). (JA89-90, Compl. ¶¶ 49-50)

In 2010, after ABIM had seized all the course materials, enrollment roster, and course-related student communications with Dr. Arora, ABIM embarked on a program of extracting $15,000 payments and cooperation guarantees from physicians who had, unlike Defendant, spoken about their own test, under threat of revoking or not granting their board certification. (JA11501-02 ¶ 22; JA11503 ¶ 33) This was lucrative for ABIM, as these payments were in addition to a payment extracted from Dr. Arora himself, about which ABIM also made a public statement

disclosing it received a payment from Arora without disclosing the details. (JA11502 ¶ 23)

After ABIM recommended revocation of Defendant's Board Certification in 2012, he declined to pay its ransom (uniquely against him among those who had not spoken about their test) and he contested its spurious accusations. (JA11501 ¶ 17) ABIM then sued Defendant in district court below for copyright infringement, after he indicated that he would sue ABIM for suspending for seven years his board certification. (*Id.* ¶ 18)

The ABR test prep course was one of many that "teach to the test," which in this case is the ABIM exam. (JA11502 ¶ 24) Test prep courses for ABIM's exam typically predict questions that will appear, advise that some answer choices are always correct or incorrect, and emphasize basic questions that are likely on any reasonable internal medicine exam. (*Id.* ¶ 25) At all relevant times ABIM could have objected to any aspect of the ABR course by complaining to its instructor, or to the medical residency programs that sent students there, or to the government accreditation body, or to the students themselves. (JA460-61 ¶¶ 139-44) ABIM did not timely object to any of them, and instead turned this into a windfall for itself. (*Id.*)

ABIM's solitary fact witness below was Dr. Geraldine Luna, who did not take the same ABR test prep course taken by Salas Rushford: Dr. Luna took an

ABR course in New Jersey, while Defendant took a different ABR course in New York. (JA11488-89 ¶ 100) In June 2010 ABIM announced that it was "sanctioning" – an improper term because ABIM has no governmental authority – 139 students who participated in an ABR course, and Dr. Luna was one of those students. (JA11501-02 ¶ 22; JA11504 ¶¶ 37-38; JA11633-57)[1] In order avoid a revocation of her board certification by ABIM, Dr. Luna agreed in July 2011 to pay $15,000 to ABIM, which was a difficult burden that required arranging it in multiple installments. (JA11504 ¶ 38) One of ABIM's conditions for this settlement required Dr. Luna to provide testimony for ABIM for it to assert claims against other students of the ABR course. (*Id.*)

In January 2012, counsel for ABIM threatened Dr. Luna with a breach of the agreement – which in practical terms meant revocation of her board certification – unless she changed her prior statements to ABIM about one or more other ABR course students. (JA11504 ¶ 37; JA11657) At her deposition in 2016, more than 7 years after she took the ABIM exam, Dr. Luna then answered questions from ABIM by saying that Salas Rushford's handwritten notes, which he had sent to Dr. Arora and are the basis of ABIM's lawsuit, matched questions she saw on her

---

[1] ABIM, *ABIM Sanctions Physicians for Ethical Violations* (June 9, 2010), https://www.abim.org/media-center/press-releases/abim-sanctions-physicians-for-ethical-violations; https://www.kevinmd.com/2010/06/abim-responds-doctors-sharing-board-certification-questions.html (both viewed April 30, 2025).

exam in August 2009. (JA11483 ¶ 60; JA11484 64) Dr. Luna provided no evidence or explanation as to how she could recall the contents of a 240-question, multiple-choice exam more than 7 years later. (*Id.*) Dr. Luna also testified that "I remember [Defendant Salas Rushford] had a sister," when Defendant Salas Rushford never had a sister. (JA11483 ¶ 60; JA11501 ¶ 16)

Dr. Luna testified that "15 percent [on her ABIM exam] was repeated like ***exactly the same way*** that [Dr. Arora] had it in his material" and an even higher 20% match of "exactly the same questions" between her exam and Dr. Arora's course. (JA11488-89 ¶ 100). In addition, ABIM's admits that it was aware of the Arora Board Review (ABR) practices by May 2009, yet ABIM fully allowed it through August 2009 when Defendant took the exam, and until at least December 2009, such that at least the August 2009 ABIM exam at issue was not secure. (JA460-61 ¶¶ 139-44)

Salas Rushford's expert witness Westby Fisher, M.D., FACC, reviewed the same handwritten notes at issue here, and opined that "it is likely that all those questions or examples were commonly used in reviews and were not questions or examples taken from the ABIM exam." (JA11493 ¶ 129)

### B. Relevant Procedural History

ABIM filed this lawsuit on October 17, 2014, over five years after the alleged infringement occurred. (JA77) On September 16, 2015, Dr. Salas Rushford

filed his Answer with Counterclaims against ABIM and a Third-Party Complaint against individuals affiliated with ABIM.

On March 11, 2016, Dr. Salas Rushford moved for judgment on the pleadings. (JA57, Dkt. No. 76) On March 16, 2017, after holding a hearing on this motion, the district court granted it, dismissing ABIM's claim based on the expiration of the three-year statute-of-limitations more than two years before the filing. (JA66, Dkt. Nos. 153-54) On appeal, this Court invoked the possibility that ABIM might be able to prove its diligence per the discovery rule and reversed:

> At issue in this case is whether the three-year statute of limitations for copyright infringement under 17 U.S.C. § 507(b) begins to run from the date of discovery or from the date of injury in circumstances where the plaintiff discovers the identity of the defendant within three years of the injury. The District Court held it begins to run as of the date of injury.

*Am. Bd. of Internal Med. v. Salas Rushford*, 841 F. App'x 440, 441 (3d Cir. 2020). Because it was acting on the pleadings, there were no factual findings made by this Court. Instead, it accepted ABIM's pleaded allegations as true. *Id.* at 443 (relying entirely on ABIM's allegations).

ABIM delayed more than two years after remand before taking further action. It had to be prompted by the Court. (JA70, Dkt. 191) On February 20, 2024, ABIM moved for summary judgment, and on March 1, Dr. Salas Rushford opposed and cross-moved, arguing that:

- ABIM could have easily matched "Jimmy R." to Defendant prior to October 2011, such that the three-year statute of limitations expired before ABIM filed suit in October 2014;
- ABIM failed to prove ownership at the time of registration and never satisfied the work-for-hire requirement for its registered works;
- The *scènes à faire* and other originality and idea doctrines exclude classic illness scenarios and differential diagnoses from copyright protection;
- ABIM failed to prove access to its original copyright-registered material by Defendant whose alleged infringement was prior to taking its exam;
- ABIM did not provide evidence of direct or indirect copying of original copyright-registered material;
- ABIM failed to provide the side-by-side comparison of alleged infringed/infringing content required by precedent;
- Mere private communications between a student, Defendant, with his instructor, about possible questions in preparation for an exam, do not rise to the level of copyright violation;
- ABIM's initially unsworn expert report is inadmissible and, once sworn, its substantive content does not apply admissible expertise; and
- ABIM lacks cognizable damages or remedies and thus has no claim.

(JA11439-73)

On Sept. 30, 2024, the district court granted Dr. Salas Rushford's cross-motion for summary judgment while denying ABIM's motion for summary judgment. (JA5) ABIM timely appealed from this final judgment (JA1), but in its opening brief (ABIM) seeks reversal of only the grant of summary judgment to Dr. Salas Rushford, not the denial of summary judgment to ABIM. (ABIM Br. 1-2)

During depositions and prior to the final judgment below, ABIM's counsel Roberto Rivera-Soto was flagrantly abusive of Dr. Salas Rushford. As one of many examples, Rivera-Soto (who was not even conducting the deposition) interjected,

11

after a request by Dr. Salas Rushford to read back his prior answer, by saying,

"Let's see just how dumb he can be." (JA11521, lines 9-10)

### C. Ruling Presented for Review

On appeal is the ruling by Senior District Judge Katharine Hayden granting

the cross-motion for summary judgment by Dr. Salas Rushford (JA5-43). Judge

Hayden rejected the vast majority of ABIM's claims as follows:

> [T]here is … no claim that Salas Rushford infringed ABIM's copyrighted 2009 exam because ABIM admits it has no entitlement to statutory damages (the only relief it seeks) as to that exam. Even absent that concession, 17 U.S.C. § 412(2) would compel summary judgment for Salas Rushford on any infringement claims based on the 2009 exam because the undisputed record evidence is that he sent the emails before ABIM registered its copyright on the 2009 exam, and that ABIM's registration came more than three months after ABIM's first publication of that exam, all of which makes statutory damages unavailable.

(JA17-18, citations omitted) Judge Hayden then analyzed whether four emails sent

by Dr. Salas Rushford (two on August 12, 2009, one on August 13, 2009, and one

on August 16, 2009) constituted copyright infringement of ABIM's 2007 and 2008

internal medicine certifying exams. (JA18) The district court observed that

"[m]uch of ABIM's opening submission focused on the 2009 exam, which, as

noted, is no longer at issue." (JA21)

Judge Hayden reviewed six emails, four of which ABIM alleges infringe on

its copyrights. (JA22-25) In a preliminary observation, Judge Hayden mentions

substantial evidence that Dr. Salas Rushford did not conceal his identity by using

his personal email address that he had been using for many years, in his communication with the test prep course instructor. (JA26-28) ABIM had alleged such concealment to circumvent the statute of limitations based on the discovery rule, and this Court accepted ABIM's allegations as true as the standard of review required on the first appeal. But as Judge Hayden explains:

> [The emails] establish that "Jimmy" was in the "From" line of both the jsalasmd@yahoo.com emails and the padrinojr@yahoo.com emails. (Pl. Ex. 8, 10, 11, 15, 16, 17, 18, 19.) The email dated December 18, 2008 is illustrative: the "From" line is "Jimmy Salas <jsalasmd@yahoo.com>," the "Subject" line is "Jaime A. Salas MD," and at the bottom of the email text is "Jaime A. Salas, MD," and a phone number. (Pl. Ex. 8.) In other words, "Jimmy" is used as a nickname from the outset of Salas Rushford's correspondence with Arora, and that correspondence links "Jimmy" with Salas Rushford.

.
(JA26-27). As to diligence, Judge Hayden further observed that "ABIM is conspicuously silent on several obvious avenues of inquiry," such as ABIM's failure simply to ask the test prep course instructor who "Jimmy" was. (JA27 n.16) But the summary judgment below was not granted on this statute of limitations issue, because ABIM's affirmative copyright case did not survive Dr. Salas Rushford's cross-motion for summary judgment. (JA28-42)

On the first element of ABIM's claim – ownership of the copyrights – Judge Hayden declined to grant summary judgment in Dr. Salas Rushford's favor. (JA 28-29) Dr. Salas Rushford pointed out that ABIM had registered its work by representing to the Copyright Office that these were "Work made for hire"

(JA11485 ¶ 73), without disclosing the material fact that the drafters were not its employees. But the district court did not find sufficient evidence, on the cross-motion for summary judgment, of a lack of subjective knowledge by ABIM of this falsehood. (JA29).[2]

### a. Alleged Actual Copying

Turning to ABIM's allegation of unauthorized copying of the original elements of the copyrighted work, Judge Hayden first addressed the issue of actual copying by dividing the four allegedly infringing emails into two groups: the August 12, 2009 emails (JA31-36) and the August 13 & 16, 2009 emails (JA36-38).

---

[2] ABIM failed to provide *any* credible evidence that it had the written agreements required for it to lawfully register a copyright as work-for-hire for material drafted by non-employees. ABIM provided only one agreement executed in 2011. (JA11727-28). But there is no evidence that the person who signed this or any similar agreement in 2011 drafted any of the questions and answers at issue here. This is not merely a subjective mistake by ABIM, but evidence its 2007 and 2008 registrations as work-for-hire were fraudulent. ABIM never filed a correction to its wrongful 2007 and 2008 registrations, so there is no subsequent registration to relate back. We don't even know when each question was drafted other than it was at some point before ABIM included them in the 2007 and 2008 tests. It is even unclear, since ABIM repeats questions, whether those years were the first time the questions were included or if they have been around for decades. ABIM cannot produce even one of the real authors to factually testify along the lines of, "I drafted this on this date, it was my original wording, and I assigned my copyright to ABIM."

### i.   August 12, 2009 emails

The basis of ABIM's allegations about the August 12, 2009 emails is a

deposition by Dr. Geraldine Luna, who was in the same residency program as Dr.

Salas Rushford. Judge Hayden held:

> For Luna's testimony to establish that Salas Rushford copied content from the
> 2007 or 2008 exam, ABIM also has to show that content from the 2007 or
> 2008 exams appeared on the 2009 exam that Luna took, and that she relayed
> that content to him. It has not supplied a copy of Luna's exam, only the 2009
> deposit modules of the exam and several sets of screenshots of the 2009 exam
> that are not connected with any particular examinee.

(JA32) To attempt to make this showing, ABIM relied entirely on the opinion of its

expert Dr. Lawrence Ward. But ABIM failed to connect all the dots as required:

> Ward's report does not connect his experience with the ABIM test questions
> with facts showing why there is no reasonable possibility Salas Rushford got
> the content elsewhere. His say-so is insufficient: "[A]n expert's bare
> conclusions, unsupported by factual evidence are an inadmissible net
> opinion," as "[t]he net opinion rule requires the expert to give the 'why and
> wherefore' of the opinion, rather than a mere conclusion." *Snead [v. Casino],*
> 700 F. Supp. 3d [203,] 216 [(D.N.J. 2023)] (cleaned up). This absence of
> evidence is placed in even sharper relief by Salas Rushford's expert, who cited
> specific portions of two other sources Salas Rushford had access to for content
> that appears on Ward's list of allegedly copied questions. While ABIM seeks
> to minimize the weight to be accorded Fisher, it supplies no competent
> evidence to counter what he says.

(JA32, citation omitted)

### ii.   August 13 & 16, 2009 emails

Judge Hayden found that Luna's deposition testimony did not address the

August 13 & 16, 2009 emails (also called emails 3 and 5), and thus it would

require "speculation upon speculation to infer that Salas Rushford got the forwarded information from another person; the other person took an exam or otherwise had access to content from the 2007 or 2008 exam; and what the other person passed on to Salas Rushford constituted that 2007 or 2008 exam content. That wobbly tower" is inadequate to support that Salas both had access and engaged in direct copying. (JA37, citing *Cottrill v. Spears,* 87 F. App'x 803, 806 (3d Cir. 2004))

One of these emails (August 13) provides some questions "that a friend from Florida that went to the crash course sent [him]." (JA24, quoting email) Judge Hayden concludes:

> The 'friend from Florida' is not identified, nor is any evidence provided that would tend to show that the 'friend' from Omar's 'crash course' was sending actual exam content (as opposed to study notes, for example), and if so, that any of this included 2007 or 2008 exam content. Again: all speculation. Adding more of the same doesn't change that reality.

(JA38, quoting the August 13 email)

**b. Alleged Material Misappropriation**

In ABIM's unprecedented lawsuit for copyright infringement here, Judge Hayden found multiple fatal flaws in ABIM's material misappropriation assertions. (JA38-39). Judge Hayden found that "[t]he Ward Report, ABIM's only expert evidence, expressly disclaims an opinion as to the 'extent to which ABIM questions are protectable under copyright law.'" (JA39, quoting JA10923 ¶ 9)

Under the controlling precedent of this Court, the substantial similarity

analysis for copyright infringement is done after separating the protectible from the

non-protectible aspects of the registered works. *See Tanksley v. Daniels*, 902 F.3d

165, 175 (3d Cir. 2018) ("[T]he first step is to identify and exclude from the

substantial similarity analysis any unprotected material.") After quoting that

precedent, Judge Hayden concluded that "Salas Rushford has the relevant expert

testimony on this issue, and ABIM does not." (JA40) "Faced with Fisher's

observations and the undisputed law on substantial similarity, it was up to ABIM,

the non-movant on Salas Rushford's cross-motion, to come forward with specific

facts showing that there is a *genuine issue for trial,* and to supply actual evidence."

(JA40, inner quotations and citations omitted). Judge Hayden observed that the

issue "is what is copyrightable and whether Salas Rushford copied that particular

content," finding that "ABIM has not supplied evidence that would equip a

factfinder to determine that was the case." (JA41)

Judge Hayden found multiple factual deficiencies in ABIM's submitted

evidence as to alleged material misappropriation, such that ABIM failed to

withstand Salas Rushford's cross-motion for summary judgment:

> (i)   "ABIM's registrations exclude work that has previously been
> published, the 2009 appearance of the question in this example
> would not have been 'protectable' material. The 2007 appearance of
> the question *may* have been protectable, if it did not appear on an
> earlier test, but there is no record evidence of what was on those
> earlier tests";

17

(ii)    "[u]nder the lay observer test, ABIM failed to provide "a side by side comparison of the works";

(iii)   "excluding any unprotectable elements," ABIM failed to provide adequate evidence to "assess[] whether the two works are substantially similar." *Tanksley,* 902 F.3d at 174;

(iv)    "excluding from that comparison what is unprotected because it appeared in prior exams";

(v)     excluding what is so integral to how the medical concept or idea at issue in the question must be tested that it is unprotectable;

(vi)    failure to provide evidence to distinguish which represent expression, as opposed to "the idea or theme that ... [ABIM] seeks to convey or explore," *Kay Berry, Inc. v. Taylor Gifts, Inc.*, 421 F.3d 199, 208 (3d Cir. 2005); and

(vii)   failure to provide evidence to determine if the remaining parts are "of substance and value," *Katzman, infra*, 793 F.2d at 541.

(JA41-42) "ABIM does not supply evidence to make those judgments, assuming the impossible that a lay person could parse through the layers of complicated medical terminology and events constituting the questions. A jury undertaking this exercise would be engaging in pure speculation, rather than drawing reasonable conclusions from evidence," Judge Hayden concluded. (JA42)

## III.   SUMMARY OF ARGUMENT

ABIM's primary argument here on appeal is one that it never asserted below, and thus has waived: that despite ABIM having no claim for statutory or actual damages on its untimely 2009 copyright registration, ABIM nevertheless is entitled to a trial for nominal damages. The district judge never heard this contrived new argument by ABIM, which is without merit, and this Court should not consider it in the first instance here. ABIM has violated this Court's L.A.R. 28.1(a)(1) by

purporting to cite to an assertion of this argument in the record, when the pages referenced by ABIM do not contain its new argument in any way. (ABIM Br. 1, citing JA11704-07; ABIM does not mention "nominal" in any of its briefing below)

ABIM's flawed appeal is not the result of oversight, but of its lack of any valid copyright infringement claim. ABIM cannot cite to any precedent that found a student liable for copyright infringement in his preparation for an exam, as ABIM attempts here. The student, Dr. Salas Rushford, never copied or repeated anything on the exam that he took and passed. Yet ABIM has pursued him for more than a decade on its unprecedented claim here, alleging that he infringingly repeated what he heard another other student say about her exam. ABIM did not timely register the contents of her exam, so its decade-long case is based upon one legal contrivance stacked upon another.

ABIM complains about Dr. Salas Rushford communicating with his test prep course instructor about questions that were commonly taught in the test prep course as mixed with recollections of what another student saw on her exam, for which ABIM's copyright registration was untimely. Nowhere in evidence is there any separation of questions taught in the test prep course – which ABIM employees attended and for which Dr. Salas Rushford was not responsible – from what was original and protected in the ABIM exam. Nowhere in evidence is there any side-by-side comparison, as commonly required in copyright infringement

cases, between copyrighted questions and the alleged infringing copies. Instead, ABIM relies entirely on net opinions by its purported expert, which were plainly inadequate to support ABIM's claim.

ABIM's case is time barred by the three-year statute of limitations. Evidence shows lack of diligence required by the discovery rule and filing over three years after explicit identification.

## IV.    STANDARD OF REVIEW

Appellee adopts Appellant's Standard of Review while disputing that the conclusion below was in error (ABIM Br. 16-17), and with the important addition that affirmance can be on any ground. "Of course, this Court may affirm on any ground supported by the record." *Munroe v. Cent. Bucks Sch. Dist.*, 805 F.3d 454, 469 (3d Cir. 2015) (citation omitted); *Hughes v. Long*, 242 F.3d 121, 122 n.1 (3d Cir. 2001) (same).

## V.    ARGUMENT

### A.    ABIM Waived Its Primary Argument by Not Asserting It Below, and the District Court Did Not Misapply the Law as ABIM Failed to Seek Actual Damages or Injunctive Relief and Could Not Seek Statutory Damages Concerning Its Untimely 2009 Registration.

ABIM startlingly asserts for the first time on appeal that despite never requesting injunctive relief and having disclaimed both actual and statutory damages concerning its untimely 2009 registration, it is somehow "entitled" to a

never before mentioned claim for "nominal damages," costs, and a never before mentioned claim for "injunctive relief." (ABIM Br. 18-22).

ABIM's Complaint requested: "(i) Compensatory damages in an amount to be proven at trial; (ii) Applicable statutory damages; (iii) The costs and disbursements of this action; (iv) An award of reasonable attorneys' fees; and (v) Such other relief as the Court deems just and proper." (JA91) Neither injunctive relief nor nominal damages are mentioned, and for good reason. Costs, including attorney's fees, is a subsidiary remedy that "the court in its discretion may allow … to the prevailing party," 17 U.S.C. § 505, not an independent remedy which can serve as the lone basis for an infringement action.

ABIM was not initially candid to the district court about the unavailability of statutory damages based on its 2009 registration and burdened the court with voluminous irrelevant submissions as though it were seeking them. But ABIM admits it later "did not seek statutory damages in respect of its 2009 Registration due to the timing of that registration relative to the infringement." (ABIM Br. 19-20). Note that the same untimeliness statutorily bars it from seeking attorney's fees. 17 U.S.C. § 412. And ABIM further concedes it "has elected not to seek actual damages for the alleged infringement …" of any registration. (JA14).

"It is well-established that arguments raised for the first time on appeal are not properly preserved for appellate review." *Simko v. U.S. Steel Corp*, 992 F.3d

198, 205 (3d Cir. 2021). The word "nominal" is nowhere to be found in ABIM's response (JA11675) to Dr. Salas Rushford's summary judgment argument that "no damages were ever possible to ABIM in this case." (JA11471) Instead, ABIM responded by essentially abandoning its claims based on its 2009 Registration rather than arguing for nominal damages. (JA11705).

ABIM says there "is no requirement that a plaintiff seek actual or statutory damages." (ABIM Br. 19). But that is true but only true to the extent such a plaintiff is seeking one of the other remedies the Act authorizes: additional profits, 17 U.S.C. § 504(a)(1), or impounding and disposition, 17 U.S.C. § 503, or injunctive relief, 17 U.S.C. § 502. ABIM has not sought any of those. To try to overcome this, ABIM now absurdly argues that it is entitled to injunctive relief anyway. But it never pleaded or requested it, which is why it hasn't set forth here where it did or how it would attempt to satisfy those elements against Dr. Salas Rushford concerning course-related activities in 2009, more than 15 years ago. (ABIM Br. 19, 20, 22).

ABIM asserts a novel entitlement to "nominal damages," a term not found in the copyright statute and inapplicable to current claims. ABIM misplaces reliance on a 1935 decision, *Douglas v. Cunningham*, 294 U.S. 207, that, as the Supreme Court more recently explained, interpreted a substantively different copyright law:

> From the first Copyright Act until late in the 20th century,
> Congress conditioned copyright protection on compliance with

> certain statutory formalities. The most notable required an author to register her work, renew that registration, and affix to published copies notice of copyrighted status.

*Golan v. Holder*, 565 US 302, 314 n.11 (2012). Thus, because at that time neither actual nor nominal damages were available for any alleged infringements occurring before registration, the section incorporating "*all* of the civil remedies theretofore given, include[d] *statutory damages where actual proof was lacking,*" *Jewell-LaSalle Realty Co. v. Buck*, 283 U.S. 202, 206 (1931) (emphasis added, cited with approval in *Douglas*, 294 U.S. at 210). In other words, statutory damages were created to substitute for the old awards of nominal damages, providing reasonable minimum relief in all cases where actual damages could not be proven.

Then, late in the 20th century, Congress did away with the formalities required for protection, allowing unregistered documents and those without a copyright notice to receive it. This allowed plaintiffs to recover actual damages and additional profits for infringements occurring prior to registration. But Congress retained the registration-prior-to-alleged-infringement requirement for the statutory damages relief it had created to replace nominal damages. As the accompanying House Report No. 94–1476 to current Section 504 makes clear, Congress's purpose was "avoiding … artificial or overly technical awards." Nominal damages

are the quintessential artificial or overly technical award. That is why the House

Report omits them from its explanation of remedies:

> [A] copyright owner whose work has been infringed before
> registration would be entitled to the remedies ordinarily available in
> infringement cases: an injunction on terms the court considers fair,
> and his actual damages plus any applicable profits not used as a
> measure of damages. However, section 412 would deny any award
> of the special or 'extraordinary' remedies of statutory damages or
> attorney's fees where infringement of copyright in an unpublished
> work began before registration ….

House Report No. 94-1476 (Notes to 17 U.S.C. § 412). Nominal damages are thus

not an ordinarily available remedy in the statutory scheme.

ABIM relies on a contrary unpublished district court decision in which a

judge awarded nominal damages of $1 on summary judgment to a *pro se* plaintiff.

*See Trombetta v. Novocin*, No. 18-CV-0993-LTS-SLC, 2024 U.S. Dist. LEXIS

28629, at *46 (S.D.N.Y. Feb. 20, 2024). But the court in *Trombetta* did not discuss

the statutory scheme and relied on only one copyright case, *Branch v. Ogilvy &

Mather, Inc.*, 772 F. Supp. 1359, 1363 (S.D.N.Y. 1991), whose precedent has been

rejected by other federal courts that do discuss the statutory framework. *See Par

Microsystems, Inc. v. Pinnacle Development Corp.*, 995 F. Supp. 658, 663 (N.D.

Tex. 1998) ("In view of the carefully defined scheme established in § 504(b) and

(c), it is doubtful that Congress left room for such [a nominal damage] award when

it otherwise provided ample remedies for infringement.").

Both ABIM and the *Trombetta* court also cite to *Uzuegbunam v. Preczewski*, 592 U.S. 279 (2021), which was not a copyright case. Instead, it concerned the availability of nominal damages for a violation of the First Amendment. In that situation there is no specific statutory framework for awarding damages, in contrast to the Copyright Act that governs here. And in *Yellow Pages Photos, Inc. v. Ziplocal LP*, 846 F.3d 1159, 1163 (11th Cir. 2017), nominal damages were in addition to actual damages.

**B. The District Court Correctly Held that ABIM Did Not Raise Any Genuine Issues of Material Fact as to Dr. Salas Rushford's Infringement of Exam Questions Protected By ABIM's Registrations.**

**1.  There Is No Direct Evidence of Copying by Dr. Salas Rushford**

ABIM conceded that Dr. Salas Rushford did not copy or repeat any of the questions on the ABIM exam that he took (and passed). ABIM's precedents concern that type of copying, but none of those precedents is applicable here. Dr. Salas Rushford faithfully never disclosed what he saw on his exam. Direct copying is not at issue.

As ABIM argues in its brief: "Direct evidence of copying is rarely available because it includes evidence such as party admissions, witness accounts of the physical act of copying, and common errors in the works of plaintiffs and the defendants." (ABIM Br. 23, quoting *Rottlund Co. v. Pinnacle Corp.*, 452 F.3d 726, 732 (8th Cir. 2006)) No such direct evidence exists here. Indeed, ABIM's

precedent from the Eighth Circuit provides nearly a half-dozen examples of direct copying in reported cases, and none of it is similar to that alleged by ABIM here. *See id.* (defendant sent plaintiff's dolls to China for copying, bragged about how close a copy the finished product was, copied the manual also, and admitted it was a "cannibalized" version) ABIM also misplaces its reliance on *Nat'l Conference of Bar Exam'rs v. Multistate Legal Studies, Inc.*, 458 F. Supp. 2d 252 (E.D. Pa. 2006), which is nothing like this case and found evidence of direct copying because defendant's "employees sought out the only jurisdiction that allowed test-takers to use scratch paper," and "Mr. Feinberg was caught leaving the examination room with his scratch paper." *Id.* at 256. Here, it is undisputed that Salas Rushford did not copy any exam questions that he saw on an ABIM exam, and hence he did not engage in any direct copying. *See also Educ. Testing Serv. v. Miller*, No. 88-2819, 1991 U.S. Dist. LEXIS 13580, 1991 WL 212181, at *4 (D.D.C. Sept. 30, 1991) (finding evidence of copying where defendant admitted he photocopied an exam and then keyed the exam into a computer).

For its facts, ABIM relies entirely on the deposition of Dr. Geraldine Luna, which is based entirely on her limited version of ABIM's 2009 examination. Dr. Luna provided no testimony about any material that anyone saw on ABIM's 2007 and 2008 exams, or that was original to ABIM's 2007 or 2008 Registrations.

ABIM conflates all of them regardless as it unsuccessfully did in the district court. (ABIM Br. 22-38).

Setting aside for a moment the various other infirmities of ABIM's claims, Dr. Luna's testimony, even if it were true, would not be direct evidence of copying. She testified that she remembered (7 years later) calling Dr. Salas Rushford on the phone after her exam and asking him some questions because she was anxious about her responses. (JA11629) She then says that some of the content of emails from Dr. Salas Rushford to their instructor, Dr. Arora, looked (7 years later) like the "fragments" of questions she had asked him on her alleged call. (JA11620). She could not see him. (JA10913). She does not know if he took notes or if the notes are class notes that existed prior to her test as Dr. Salas Rushford testified. In short, she *infers*, purely based on the content, that what he emailed was based on what she said. That inference is inadmissible because it is not personal knowledge. (F.R.E. 602). But even if it were admissible and true, inferring copying from content similarity is the defining characteristic of indirect evidence of copying that distinguishes it from direct evidence.

Dr. Luna never testifies that the questions she was anxious about and allegedly asked Dr. Salas Rushford were material that Dr. Arora or other review sources hadn't also covered. She did testify that "15 percent [on her ABIM exam] was repeated like ***exactly the same way*** that [Dr. Arora] had it in his material" and

27

an even higher 20% match of "exactly the same questions" between her exam and

Dr. Arora's course. (JA11488-89 ¶ 100; JA11615). Of course, she couldn't, and

didn't, opine on originality or protectability. And, she also presumed that her

memory of the questions when she allegedly relayed them to him (she couldn't

take contemporaneous notes of her test) was essentially verbatim ABIM exam

content, and, even more implausibly, presumes that her memory of both the exam

and her alleged phone call were still close to perfect at the time of her deposition

seven years later. But, memory, credibility and admissibility issues aside, twice-

removed alleged copying, inferred from similarity of content is definitely not direct

evidence of copying.

ABIM relies on three district court decisions from other jurisdictions, but

none of them supports ABIM's case here. (ABIM Br. 27) *Klein & Heuchan v.*

*Costar Realty Info.* involved straightforward, unauthorized emailing of copyrighted

realtor photos. No. 8:08-cv-1227-T-30EAJ, 2009 U.S. Dist. LEXIS 136688 (M.D.

Fla. Nov. 25, 2009). In *Am. Registry of Radiologic Technologists v. Hansen*,

defendants paid for questions, one sat multiple times for the exam, and they offered

a test prep course for profit; students were not defendants. No. CV07-06224-MMM

(AGRx), 2008 U.S. Dist. LEXIS 100442 (C.D. Cal. Dec. 2, 2008). Unlike here, the

plaintiff in that case included "attached illustrative side-by-side comparisons of

certain of Plaintiff's copyrighted materials and materials sold and offered for sale

by Defendants." *Id.* at *3. In *Fodor v. L.A. Unified Sch. Dist.*, which unlike here did not involve any test or examination, the infringing work "contain[ed] virtually identical copies of these sections" from a copyright work. *Fodor*, No. CV 12-8090 DMG (CWx), 2014 U.S. Dist. LEXIS 188398, at *35 (C.D. Cal. June 3, 2014).

### 2. There Is No Indirect Evidence of Copying by Dr. Salas Rushford

In arguing for indirect copying, ABIM again relies entirely on its 2009 exam, for which its 2009 Registration was untimely and thus ABIM has no valid copyright claim as discussed above. ABIM argues that content in Salas Rushford's emails "was substantially similar to questions covered by ABIM's 2007, 2008, and 2009 Registrations" (ABIM Br. 28), but ABIM relied nearly entirely on its 2009 Registration below and never provided adequate evidence of infringement on copyright-protected material in the 2007 and 2008 Registrations. ABIM's sole fact witness, Dr. Luna, took only a version of the 2009 exam and her entire testimony is based only on that exam, and ABIM failed to adequately rebut the expert Dr. Fisher's analysis that ABIM did not identify copyright-protected material that might be infringed.

As ABIM admits, "ABIM bears the burden of proof to establish the first aspect of unauthorized copying: actual copying, which can, in turn, be shown by either direct evidence or indirect evidence in the form of access and substantial similarity to the infringed materials." (ABIM Br. 22, citing *Tanksley*, 902 F.3d at

172-73). In *Tanksley*, this Court affirmed the dismissal of a copyright infringement claim at the pleading stage due to the lack of a showing of copying of protectable elements of the work. *See id.* at 177. Here, the lack of that required showing by ABIM at the advanced summary judgment stage below is even more striking.

In a footnote, ABIM insists that its submission of "a summary chart of information in the evidentiary record demonstrat[ed] conclusively that the questions Dr. Salas Rushford copied from Dr. Luna were covered by ABIM's Registrations." (ABIM Br. 25 n.1, citing JA10965-68) But all of these questions that were allegedly copied were part of the 2009 exam, and thus mostly or entirely part of the untimely 2009 Registration for which ABIM does not have a viable copyright claim. Second, ABIM's own fact witness testified that a substantial percentage of ABIM's exam questions were taught verbatim in the test prep course, and ABIM did not present any evidence as to which, if any, of the questions in ABIM's summary table were not actually from a test prep course. Taken at face value that means they predated the 2009 exam and there is no evidence when or where they were first created or by whom. Widely available exam-like questions permeated ABIM's 2009 exam for good reason: they ask things all doctors are supposed to know. And ABIM never presented any evidence to the contrary on this fundamental, dispositive point.

### (a) ABIM Failed to Present Evidence of Access by Dr. Salas Rushford to Copyright-Protected Material

ABIM concedes that Dr. Salas Rushford never copied or repeated questions that he ever saw on an ABIM exam, and yet argues that an imperfect recollection of questions by Luna, necessarily paraphrased by her without any showing by ABIM as to her memory, is sufficient to establish access as testified by her seven years later. (ABIM Br. 29) But ABIM's cited authorities on this point do not support its argument in this context.

ABIM begins by quoting a divided decision in the Fourth Circuit for the proposition that "it is enough to prove that the infringer (or his intermediary) had the mere opportunity to see the work and that the subsequent material produced is substantially similar to the work." *Bouchat v. Baltimore Ravens*, 241 F.3d 350 (4th Cir. 2000) 241 F.3d 350, 354-355 (4th Cir. 2000). That decision has been distinguished in this Circuit on the same grounds that applies here: Luna had access only to ABIM's 2009 exam, not to ABIM's 2007 or 2008 exams. ABIM provides no evidence that Luna ever had access to material in ABIM's 2007 or 2008 Registrations, on which ABIM relies entirely now. *See Visual Communs., Inc. v. Assurex Health, Inc.*, No. 14-3854, 2014 U.S. Dist. LEXIS 131495, at *15 n.3 (E.D. Pa. Sep. 18, 2014) (distinguishing *Bouchat* because "Plaintiff has not alleged that Defendant had access to the Design itself—Plaintiff argues instead that

Defendant had access to the Design 'by virtue of' Defendant's rental of the three dimensional trade show exhibit, which is based on the Design").

ABIM next relies on a district court decision that mostly granted defendants' motion to dismiss, but allowed a copyright infringement to proceed to discovery based on an inference of access. *Hian v. Louis Vuitton USA Inc.*, No. 22-3742, 2024 U.S. Dist. LEXIS 114123, at *11 (E.D. Pa. June 28, 2024) ("LVMH argues that this amounts to mere conjecture and thus does not support an inference of access, but for purposes of a motion to dismiss, we disagree."). But this case at bar is many years past discovery, and ABIM can no longer rely on mere inferences. ABIM had to prove access to 2007 and 2008 copyright-protected material, which it failed to do on summary judgment below.

ABIM argues that the "district court was wrong that a jury cannot infer that Dr. Salas Rushford accessed ABIM [2009] exam content based on Dr. Luna's testimony that she gave him the content," but even if such an inference were allowed, it would not support any access by Dr. Salas Rushford to 2007 and 2008 registered material. (ABIM Br. 31) ABIM then complains that the lower court declined to credit Dr. Arora's testimony about students commonly sending him recollections of what they saw on their exam, but it is undisputed that Dr. Salas Rushford did not engage in this practice concerning what he saw on his exam. Thus this circumstantial evidence by ABIM fails to prove access.

Failing to cite a single Third Circuit case on this point, ABIM relies further on a *pro se* district court case in *Hofmann v. Pressman Toy Corp.*, and a Ninth Circuit decision in *Kamar Int'l, Inc. v. Russ Berrie & Co.* Both are unavailing to ABIM's argument here. In *Hofmann*, the district court granted summary judgment to defendants despite allegations of an intermediary, because the evidence was lacking as to an actual copyrighted work, just as it is lacking here. *See Hofmann*, 790 F. Supp. 498, 507 (D.N.J. 1990). In *Kamar Int'l*, which was a case about stuffed animals, the Ninth Circuit found access because "a third party with whom both the plaintiff and defendant were dealing had possession of plaintiff's work." *Kamar Int'l*, 657 F.2d 1059, 1062 (9th Cir. 1981) (inner quotation and citation omitted). But Dr. Luna never had possession of ABIM's 2007 or 2008 exams, or ABIM's 2007 or 2008 Registrations, on which ABIM's lawsuit is now based. ABIM's bait-and-switch of using its untimely 2009 Registration and Dr. Luna's access to only ABIM's 2009 exam is insufficient.

Realizing its evidentiary flaw, ABIM argues for a standard of merely a "reasonable possibility of access" based on another Ninth Circuit case. *Malibu Textiles, Inc. v. Label Lane Int'l, Inc.*, 922 F.3d 946 (9th Cir. 2019). But that was merely at the pleading stage, when inferences are generously drawn in favor of the plaintiff, in contrast with the summary judgment standard at issue here. Moreover,

in *Malibu* the plaintiff "allege[d] several ways Defendants had access to the Subject Work." *Id.* at 954.

Finally, ABIM grasps at straws by invoking Judge Leonard Hand for the unremarkable proposition that "[w]hen one copies a copy, he copies the original." *De Acosta v. Brown*, 146 F.2d 408, 413 (2d Cir. 1944) (Hand, J., concurring). ABIM never presented proof of access by Dr. Salas Rushford to a copy of a copy of copyright-protected material. After more than a decade of suing Dr. Salas Rushford, ABIM has had ample time to provide such evidence if it exists. It may be "quite possible to copy the original, protectable elements of a work by copying a derivative thereof," but ABIM failed to submit adequate evidence of this. *Grondin v. Fanatics, Inc.*, No. 22-1946, 2023 U.S. Dist. LEXIS 65897, at *11-13 (E.D. Pa. Apr. 14, 2023), *aff'd*, 2024 U.S. App. LEXIS 32729 (3d Cir. Dec. 27, 2024) (quoted by ABIM Br. 34). ABIM's reliance on a federal court decision in California is likewise unhelpful to it here because *Fodor* involved the test for infringement of a derivative work and ABIM never made the showing below that its 2009 exam was a derivative work of certain prior Registrations, rather than a predominantly original work. *Fodor*, 2014 U.S. Dist. LEXIS 188398, at *17 (to establish that material is a derivative work, it "must exist in a concrete or permanent form," and it must "substantially incorporate protected material from the preexisting work").

**(b) ABIM Failed to Present Adequate Evidence of Substantial Similarity Analysis of Copyright-Protected Material**

Even if access were found, ABIM's claim nevertheless fails because it did not provided adequate evidence of substantial similarity, which ABIM concedes it had the burden of showing. (ABIM Br. 34-38)

ABIM relied entirely on its in-house "expert" Dr. Lawrence Ward, formerly its Physician Secretary for ABIM's Internal Medicine Exam Committee, to declare in his view that there was substantial similarity in mere snippets from ABIM's 2009 exam and material in Dr. Salas Rushford's emails. But as the district court found, Dr. Ward "does not connect his experience with the ABIM test questions with facts showing why there is no reasonable possibility Salas Rushford got the content elsewhere. His say-so is insufficient … as bare conclusions." (JA36) It is simply not enough for an expert to declare "substantial similarity" and expect a court to rule in a plaintiff's favor, especially when the work is intertwined with mostly unprotected material.

Without providing any evidentiary basis, Dr. Ward expressed his net opinion that "the excerpts are not class notes from a board review course, or notes from published board preparation materials such as MKSAP." (ABIM Br. 36, quoting JA10925) This directly contradicted ABIM's sole fact witness, Dr. Luna, who testified that 20% of the material on ABIM's exam was a verbatim copy of what was taught in the test prep course. (JA11615) A disputed issue of material fact

between ABIM's only fact witness and its uninformed expert does not create a triable issue for a jury.

ABIM concedes that "striking similarity" is lacking between its work and Dr. Salas Rushford's notes. (ABIM Br. 36 n.3) ABIM complains that the district court did not "conduct its own side-by-side comparison of the works," but ABIM never provided it below despite Dr. Salas Rushford's repeated objections to this concealment by ABIM. (JA11462-65) In response, ABIM relied entirely on Dr. Ward's net opinion that there was substantial similarity, without providing copyright-protectible questions and answers for the court to compare to Dr. Salas Rushford's notes. (JA11692, citing its Initial Mem. 22-26, JA431-35; *see also* JA458-60 ¶¶ 125-135) Merely "describing" a comparison, as ABIM did below, is not providing the comparison itself as a plaintiff must do for the finder of fact on a copyright infringement claim.

ABIM relies entirely on the net opinion of its expert report about a purported substantial similarity, which is insufficient to establish copyright infringement here. And contrary to ABIM's argument that net opinions are allowed in federal court, this Court has held otherwise where, as here, ABIM's Dr. Ward's net opinion was based on speculation. *See Fedorczyk v. Caribbean Cruise Lines, Ltd.*, 82 F.3d 69, 75 (3d Cir. 1996) ("The 'net opinion rule' prohibits expert testimony 'if the court concludes that an opinion based upon particular facts cannot be

grounded upon those facts ... [or] is based on speculation or conjecture.'") (quoting *Kuhar v. Petzl Co.*, No. 19-3900, 2022 U.S. App. LEXIS 9914, at *17 (3d Cir. Apr. 13, 2022)).[3]

Less than two pages in ABIM's entire brief addresses comparing Dr. Salas Rushford's notes to ABIM's exam, and this is insufficient to withstand summary judgment. (ABIM Br. 37-38) ABIM states that "the question discusses 'varicella' and Dr. Salas Rushford's notes refer to 'chicken pox.'" (ABIM Br. 37) ABIM then declares that this issue is "covered by the 2009 Registration." (ABIM Br. 37-38) But the 2009 Registration cannot be the basis for ABIM's copyright infringement claim, and this example by ABIM illustrates why it has no viable lawsuit here.

It is not, as ABIM argues, that its expert assisted a finder of fact. Instead, its expert attempted to supplant the finder of fact, which is not allowed. ABIM's cited authorities on this, both outside of the Third Circuit, do not support its position here. *See Jordan v. U.S.*, No. 23-3757, 2024 U.S. App. LEXIS 31661,

---

[3] ABIM misleadingly quotes an unpublished district court decision for ABIM's argument that "[t]he 'net opinion' rule is neither an evidentiary rule under the Federal Rules of Evidence nor a factor in the *Daubert* analysis." *W. Am. Ins. Co. v. Jersey Cent. Power & Light Co.*, Civ. No. 03-6161 (WHW), 2008 U.S. Dist. LEXIS 101153, at *13 (D.N.J. Dec. 15, 2008) (quoted by ABIM Br. 36). But ABIM should have included in its quote the very next sentence in that same decision: "'[T]he net opinion rule is merely a restatement of the ***well-settled principle that an expert's bare conclusions are not admissible*** under Rule 702 of the Federal Rules of Evidence.'" *Id.* (quoting *Zeller v. J.C. Penney Co.*, 05-cv-2546 (RBK), 2008 U.S. Dist. LEXIS 25993, 2008 WL 906350, at *7 n.13 (D.N.J. Mar. 31, 2008), emphasis added).

at *6 (6th Cir. Dec. 12, 2024) (a *pro se* case which "differs from those in which

negligence can be readily inferred," thereby justifying use of a medical expert);

*Armstrong v. Brown,* 768 F.3d 975, 988 (9th Cir. 2014) (reversing in part because

the district court "risks permitting the expert to 'displace the district court's

judicial role'").

### C. The District Court's Analysis of Alleged Misappropriation Is Entirely Correct.

ABIM is incorrect in arguing at length that there was reversible error in the

district court's misappropriation analysis. (ABIM Br. 39-55) ABIM repeatedly

relies again on *Feist* (*id.* at 45, 46), which was a unanimous Supreme Court

decision rejecting a claim of copyright infringement while emphasizing that "[n]ot

all copying, however, is copyright infringement." *Feist Publ'ns v. Rural Rel. Serv.

Co.*, 499 U.S. 340, 361 (1991).

After more than a decade of litigation below, ABIM never pointed to any

side-by-side comparison of an allegedly infringement statement by Dr. Salas

Rushford of any timely registered work by ABIM. This is the simple,

straightforward requirement of a copyright case and yet ABIM failed to do it, in

the district court and again here on appeal. Instead, ABIM continues here its

strategy of mixing untimely registered material with vague assertions of

infringement on earlier registered works, and relying on a net opinion by its expert

that is based on speculation. ABIM left the district court with the persuasive expert

opinion and reply by Dr. Salas Rushford's expert Dr. Wes Fisher, and nothing

sufficient rebutting it by ABIM's expert Dr. Lawrence Ward. In addition, ABIM's

own fact witness confirmed that 15-20% of ABIM's exam was a verbatim copy of

what had already been taught in the test prep courses, thereby negating any

conclusion that Dr. Salas Rushford repeated copyright-protected exam content.

### 1. There Was No Error Below Concerning Exam Questions from the 2009 Exam that May Have Been Protected by the 2007 and 2008 Registrations

There was no error below concerning alleged infringement on ABIM's 2009

exam questions that were allegedly protected by its 2007 and 2008 Registrations.

(ABIM Br. 39-41) ABIM failed to present below sufficient evidence of any such

infringement to withstand the motion for summary judgment.

As correctly found by the district court, all that ABIM presented below was

alleged copying from its 2009 exam, with no alleged copying from its 2007 or

2008 exams. Nevertheless, ABIM argues here that "[w]hen a plaintiff owns

registrations for a pre-existing work and a derivative work, the plaintiff can bring

an action for infringement of the pre-existing work based on the registration for the

derivative work." (ABIM Br. 40) But ABIM's 2007 and 2008 Registrations

expressly excluded material contained in prior registrations. As the district court

held and ABIM does not challenge on appeal, "Going back to ABIM's copyright

registrations, they all exclude from their scope material that was previously

published; the claimed copyright only extends to new material added and never

before published." (JA41) The lower court held – which ABIM does not dispute on appeal – that ABIM often reused questions and included them in successive registrations, as ABIM's own exhibits below demonstrated. (JA41, citing an example of that in Dr. Ward's opinion) ABIM never submitted adequate evidence of infringement on new material specific to its 2007 and 2008 Registrations, and ABIM's argument about derivative works is inapplicable here.

ABIM's citation to the Second Circuit decision in *Streetwise Maps v. VanDam, Inc.*, is unhelpful to it. The copyright registration in that case described it as a derivative work, without expressly excluding prior-registered material as ABIM did. *Streetwise Maps*, 159 F.3d 739, 746 (2d Cir. 1998) ("At trial, Streetwise relied upon a certificate of copyright registration filed on August 3, 1989. That certificate states that the work it protects is *derivative* of a 'Streetwise Manhattan map carrying a copyright notice date of 1984, 1985.'") (emphasis in original). The Second Circuit relied on the plaintiffs' own statements in its registrations just as the district court below did. Likewise for ABIM's other cited authorities, both from outside the Third Circuit: *R.W. Beck, Inc. v. E3 Consulting, Ltd. Liab. Co.*, 577 F.3d 1133, 1143 (10th Cir. 2009) (basing its decision on the "registration certificate relating to the derivative work"); *Christopher Phelps & Assocs., LLC v. Galloway*, 492 F.3d 532, 539 (4th Cir. 2007) (a lawsuit for actual damages without the disclaimer made by ABIM in its registrations). None of these

decisions justifies ignoring ABIM's sweeping disclaimer in its 2007 and 2008 Registrations, which excluded all of its prior registered work. ABIM's only claim here is for statutory damages, and it failed to provide sufficient evidence of specific infringement unique to those registrations in light of their disclaimers.

## 2. The District Court Properly Relied on Dr. Salas Rushford's Expert's Testimony By Applying the *Whelan* Analysis

ABIM argues against the use of *Whelan Assocs. v. Jaslow Dental Lab.,* or in the alternative for narrowing its use here, in a way that ABIM did not argue below. (*Compare* ABIM Br. 42-44 *with* JA11701-03) Below, ABIM asked the Court to apply *Whelan* to this non-software case for the benefit of Dr. Ward's opinion; here, ABIM implausibly argues against applying *Whelan* outside the context of software code. ABIM's own example in its brief here equating varicella to chickenpox requires an expert opinion, as a layperson might not ordinarily know that. But even if naming synonyms could forgo an expert, ABIM claims its tests are about physician quality in symptoms, patient care and differential diagnosis, not about such trivia. Indeed, by submitting an expert opinion ABIM implicitly waived any objection to applying *Whelan*, which ABIM cited favorably in its opening brief below. (JA426) Moreover, *Whelan* itself held that its standard should be applied to subject matter that is "particularly complex, ***such as*** computer programs," thereby envisioning a broader application. *Whelan Assocs. v. Jaslow Dental Lab., Inc.*, 797 F.2d 1222, 1233 (3d Cir. 1986) (emphasis added). Only professionals with a

medical degree and a clinical specialty may even attempt to take ABIM tests. It's hard to imagine anything more potentially complex to a layman.

In the alternative, ABIM urges narrowing *Whelan* despite its widespread adoption and praise. But ABIM cites nothing in this Court's *Whelan* decision that would justify narrowing how it is applied. ABIM's own novel theory for a narrow application finds no support in the decisions on which it relies, which mostly concern high school tests that a layperson can compare, or predate the *Whelan* decision. *See Educ. Testing Servs. v. Katzman*, 793 F.2d 533 (3d Cir. 1986) (high school level tests, predating *Whelan*); *Educ. Testing Serv. v. Simon*, 95 F. Supp. 2d 1081, 1088 (C.D. Cal. 1999) (California district court case concerning elementary school teacher tests in basic subjects); *Hansen*, 2008 U.S. Dist. LEXIS 100442, at *14 (California district court case with overwhelming evidence of direct copying).[4]

---

[4] ABIM relies on *Ford Motor Co. v. Summit Motor Prods.*, 930 F.2d 277 (3d Cir. 1991) (cited by ABIM Br. 18, 42). But that case did not involve any exam questions or any other facts similar to this case at bar. Moreover, in *Ford* the plaintiff car company provided extensive evidence demonstrating its ownership of the designs at issue, including an affidavit explaining how Ford created the design in connection with a design company in a particular year. *See id.* at 294. In contrast with this case at bar, it was "undisputed that [defendant] sold parts in boxes with trade dress resembling" Ford's design. *Id.*

### 3. The District Court Correctly Ruled that Dr. Salas Rushford's Expert Report Rebutted the Presumption of Validity of ABIM's Copyright Registrations

ABIM's lawsuit is not based on a verbatim copying of questions, as its own example illustrates whereby it equates the different words of "chicken pox" and "varicella" to express the same disease, as discussed above. ABIM's case is built entirely on the recollections of a test-taker having unknown memory skills, as spoken to someone else who allegedly compiled notes from the conversation. ABIM's unremarkable observation that the novel *Moby-Dick* could be copyrighted even though basic ideas in it could not, is unhelpful to its case here because ABIM does not credibly base its claim on a copying of the expression, in a literary sense as in a book, on its exams. (ABIM Br. 45-46)

Rather, ABIM objects to alleged copying of concepts on the exam, like the chickenpox disease in its own example to this Court. On this issue of exam topics and Q&A about them, the expert opinion by Dr. Wesby Fisher is spot on. (JA11554-76, JA11578-94) As the district court correctly held:

> "classic diagnostic criteria, disease variants, diagnostic evaluations, treatments, and differential diagnoses," and that it "is common and logical to use differential diagnoses or treatments of alternate disease states as distractors (wrong answers) in multiple choice exams." "Any competent review of these topics or material," he continues, "would include the same or very similar distractors or wrong answer choices," and likewise for questions presenting "classic diagnostic criteria, classic disease variants, classic treatments, and classic diagnostic evaluations"; either in reviews or in other study guides available to physicians, the same information would appear. ABIM disagrees, but doesn't provide expert evidence to counter that.

(JA39-40, quoting JA11582 ¶ 13)

Again ABIM misplaces reliance on California decisions that are unlike its allegations here. ABIM relies heavily on *Swirsky v. Carey*, which entailed an alleged infringement on a musical composition. 376 F.3d 841 (9th Cir. 2004). The reversible error found in that case was the district court's "comparison of the two choruses almost entirely on a measure-by-measure comparison of melodic note sequences from the full transcriptions of the choruses." *Id.* at 847. The plaintiff *Swirsky* presented relevant expert testimony, and the district court there erroneously substituted its own view as to similarity for the plaintiff's expert's opinion. Here, in contrast, ABIM did not present any relevant expert testimony, and did not rebut Salas Rushford's expert. Instead, ABIM assumed what it needed to prove, leaving nothing other than a net opinion in favor of ABIM.

In the Ninth Circuit decision of *Johnson Controls, Inc. v. Phx. Control Sys.*, 886 F.2d 1173 (9th Cir. 1989), the Court did an in-depth analysis of the protectability of "a very sophisticated program," as did a special master, thereby supporting its protectability. *Id.* at 1175-76. ABIM failed to make this showing below. As to *Nat'l Conference of Bar Exam'rs*, "[t]his is the rare case in which there is direct evidence that defendants copied plaintiff's work." 458 F. Supp. 2d at 256. A bench trial in a case involving the direct copying of multistate bar exam questions found copyright infringement, which a judge can himself evaluate

44

without the need of experts. *Id.* at 257 ("After reviewing each pair of MBE and allegedly-infringing PMBE questions, I conclude that nearly all of the 113 challenged questions are substantially similar to copyrighted MBE questions," the judge found in ruling against the test prep course). But ABIM is not suing a test prep course here, or anyone who copied questions from his exam.

ABIM repeatedly relies on the presumption of validity for its copyright registrations, but as the district court properly found, that is not the issue here. As quoted above from the district court in the Ruling Presented for Review, "The issue, instead, is what is copyrightable and whether Salas Rushford copied that particular content. The Court concludes ABIM has not supplied evidence that would equip a factfinder to determine that was the case." (JA41)

### 4. The District Court Correctly Required ABIM to Provide Some Evidence of Protectability, which ABIM Cannot and Did Not Do

ABIM wrongly argues against the district court's proper placement of a burden on ABIM to provide some evidence of protectability. (ABIM Br. 48-52) ABIM has not submitted any such evidence because it cannot. It is axiomatic that to defeat a motion for summary judgment, the non-movant must provide evidence of a disputed issue of material fact, which ABIM has failed to do.

The district court fully complied with the Eleventh Circuit's test on which ABIM relies in its brief. *See Compulife Software, Inc. v. Newman*, 959 F.3d 1288 (11th Cir. 2020) (cited by ABIM Br. 49, 50). In the complex factual pattern of that

45

case, the Eleventh Circuit articulates a new rule for copyright infringement which has not since been adopted anywhere within this Circuit or in the vast majority of other Circuits. *See Compulife*, 959 F.3d at 1305 ("Although we haven't previously done so ….").

The framework which ABIM asks this Court to adopt is the following: once a plaintiff demonstrates a valid copyright and that defendant engaged in factual copying, the defendant may come forward with evidence that the allegedly copied material is in fact copyright unprotectable. (ABIM Br. 49-50) The defendant should identify the species of unprotectability alleged and present supporting evidence if appropriate. (*Id.* at 49) Then the burden of proof shifts back to plaintiff, as the copyright holder, to establish precisely which parts of its asserted work are protectable. *Compulife*, 959 F.3d at 1306. But this framework does not, as ABIM overstates in its brief, shift the burden entirely to defendant to prove that the copied material is unprotectable. (ABIM Br. 49-51)

The decision below comports fully with this *Compulife* framework. As the district court found, Dr. Salas Rushford did submit evidence of the unprotectability of ABIM's work, including the report by the expert Dr. Wes Fisher. (ABIM Br. 48, quoting JA40). So even if this Court were to adopt for the first time the *Compulife* framework, the decision below is in full conformance with it.

ABIM's cited precedents are unhelpful to it on this point. In *Masquerade Novelty v. Unique Indus.*, this Court held that "[t]he presumption flowing from [17 U.S.C.] § 410(c) is not an insurmountable one, and merely shifts to the defendant the burden to prove the invalidity of the plaintiff's copyrights." 912 F.2d 663, 668 (3d Cir. 1990). *See also Boisson v. Banian, Ltd.*, 273 F.3d 262, 269 (2d Cir. 2001) (same). Dr. Salas Rushford satisfied this burden below both with Dr. Fisher's expert reports and by pointing out fatal flaws in ABIM's claim of a copyright in the commonly used questions. (JA11467-69) In response ABIM relied on general assertions, including vague statements by its Senior Vice President for Assessment and Research, which fail to demonstrate originality. (JA11427-32) Dr. Salas Rushford demonstrated below how inadequate the ABIM executive's assertions are, and how this was not a work-for-hire. (JA11456, citing 17 U.S.C. § 101)

ABIM argues that its citation to a half-dozen decisions concerning protection of multiple-choice questions and answers should have been "more than enough for ABIM's claim to survive summary judgment." (ABIM Br. 51) None of ABIM's cited precedents involves suing a student for his exam preparation activity.

The issue here is not whether original multiple choice questions and answers can be protected by copyright, but whether ABIM met its burden of proof concerning alleged infringement by Dr. Salas Rushford. ABIM simply has not, as

the district court held. Every decision cited by ABIM serves to illustrate how different a valid copyright infringement case is from ABIM's action here. *See, e.g.*, *Katzman*, 793 F.2d at 535 (a lawsuit by a testing service against a test prep company, with the test prep company mostly prevailing on appeal in reversing nearly all of an injunction issued by the district court). Nothing in *Katzman* supports the action by ABIM here against the student Dr. Salas Rushford who never even shared any of the questions or answers that he saw on his exam. *See also Andrien v. Southern Ocean Cnty. Chamber of Commerce*, 927 F.2d 132, 134 (3d Cir. 1991) (dispute over an author's right to a copyright in maps that he helped create) (cited by ABIM Br. 51); *Pohl v. MH Sub I LLC*, 770 F. App'x 482, 489 (11th Cir. 2019) (unauthorized copying for commercial gain of plaintiff's website photographs constitutes a copyright violation) (cited by ABIM Br. 51)

ABIM further complains about the district court finding that "ABIM has not supplied evidence that would equip a factfinder to determine ... what is copyrightable and whether Dr. Salas Rushford copied that particular content." (ABIM Br. 48-49, quoting JA41) The district court was correct again, and ABIM implicitly seeks to avoid any burden as the non-movant on Dr. Salas Rushford's motion for summary. ABIM's argument is simply not the law in the Third Circuit. *See United States ex rel. Greenfield v. Medco Health Sols., Inc.*, 880 F.3d 89, 98 n.9 (3d Cir. 2018); *Connection Training Servs. v. City of Phila.*, 358 F. App'x 315,

318 (3d Cir. 2009). ABIM failed to satisfy its burden on the issue of protectability of its work that it alleges Dr. Salas Rushford infringed.

### 5. The District Court Was Correct in Not Asking a Jury to Determine Which Particular Aspects of ABIM's Exam Questions Are Unoriginal and Unprotectable

Speculation, a net opinion, and a basic disagreement between ABIM's own, only fact and expert witnesses do not entitle it to a jury trial. Yet relying heavily on the *Kay Berry* decision, ABIM argues that it should be allowed to present to a jury whether there was an infringement on a tiny fraction of the questions that it dumped on the district court. (ABIM Br. 52-55) The district court did not find that any material was unprotectable as a matter of law, but rather that ABIM failed to submit adequate evidence to justify holding a trial in this case.

The *Kay Berry* decision on which ABIM relies does not support holding a trial here. *Kay Berry* concerned a copy of a sculptural work by a competitor for financial gain, which is wholly unlike anything in this case which concerns the protectability and alleged infringement of medical exam questions.

The district court correctly found that "Fisher's report supports the conclusion that not all aspects of ABIM's exam questions are protectable by copyright." (JA40, quoted by ABIM Br. 53) This was reinforced by ABIM's own fact witness who testified that 20% of ABIM's exam was "exactly the same questions" as what was previously taught in Dr. Arora's course. (JA11488-89 ¶

49

100). Under the *Compulife* framework that ABIM urges this Court to adopt for the first time, the burden of proof shifts back to plaintiff, as the copyright holder, to provide evidence of which portions of its copyrighted work are protectable, and how Salas Rushford alleged infringed. *Compulife*, 959 F.3d at 1306. Instead, ABIM merely provided a net opinion from Dr. Ward.

ABIM relies on *Dam Things from Denmark v. Russ Berrie & Co.*, 290 F.3d 548 (3d Cir. 2002), but that case turned the issue of whether "the ordinary observer, unless he set out to detect the disparities, would be disposed to overlook them, and regard their aesthetic appeal as the same." *Id.* at 562. That is not the issue in the alleged copying of medical exam questions here. Nor can ABIM find support in *TD Bank v. Hill*, which was "a copyright infringement case in which Defendant admits to using verbatim language from Plaintiff's work in a book that Defendant authored and published." *TD Bank, N.A. v. Hill*, No. 12-7188 (RBK/JS), 2015 U.S. Dist. LEXIS 97409, at *2 (D.N.J. July 27, 2015), *aff'd*, 928 F.3d 259 (3d Cir. 2019). There the issue was protectable expression, where the plaintiff did what ABIM failed to do below: submit protectable passages and demonstrate any infringement on them.[5]

---

[5] Unlike here, in *TD Bk. v. Hill* "the parties do not dispute that Mr. Hill copied 16 percent of the 2012 Book from the 2007 Manuscript. *TD Bank, N.A. v. Hill*, 2015 U.S. Dist. LEXIS 97409, at *3. This Court found inadequate evidence of a written agreement for a type of work that could be deemed a "work for hire," just as this

Presenting an original sculpture side-by-side to a jury for its evaluation of alleged infringement, as held in *Kay Berry*, makes sense. Presenting snippets of advanced medical exam questions to a jury alongside alleged infringing notes by someone, before he even saw the exam and who never competed with the testing company, does not. This case was properly resolved on summary judgment below.

### D. ABIM Never Satisfied the "Work-for-Hire" Assignment Requirement to Have a Valid Relevant Copyright Registration.

An alternative ground for affirming the decision below is to hold that ABIM never satisfied the assignment requirement for "work-for-hire" copyright ownership in the questions and answers at issue in this case. Work-for-hire agreements are required to be in writing, yet the only assignment ABIM could provide to the court was for 2011, years after the fact, and it was unrelated to any of the questions and answers at issue in this case. (JA11727-28) The presumption of validity in a copyright registration applies when a mistake in registration could be corrected by revising the form, but this work-for-hire issue is not a correctable mistake on ABIM registrations, as the Register of Copyrights was required to refuse ABIM's registrations had it been truthful. The test for inquiring with the Copyright Office illustrates this point, as Salas Rushford argued below.

(JAJA11740-41)

---

Court should likewise find with respect to ABIM's alleged, but unsupported work-for-hire here. *See* Part D, *infra*.

### E. The District Court Should Have Found That the Case is Time-Barred.

The events giving rise to this lawsuit happened on or before August 17, 2009. ABIM sued in October 2014. To circumvent the Copyright Act's three-year statute of limitations, 17 U.S.C. § 507(b), ABIM falsely pled that it "diligently investigated" who "Jimmy" was yet supposedly could not identify him until January 2012. (JA90 - Compl. ¶ 50).

ABIM's only fact witness, Dr. Geraldine Luna, testified that in June 2011, over three years before the suit was filed, she disclosed that Defendant is "Jimmy R." — the author of the handwritten notes. (JA10915-16 - Luna Depos. Tr. 141:7-144:9, specifically 140:22-23). Her settlement agreement on July 29, 2011, included a clause requiring her full cooperation to answer any further related questions. (JA11637, Luna Settlement Agt. ¶ 6).

Moreover, years earlier in December 2009, ABIM obtained "Dr. Arora's e-mails with his customers" (JA90; Compl. ¶ 50), and his roster of students (JA11277-78 - Mannes Dep. Tr. 56:23-57:1), as part of its seizure of all his computer files and documents which ABIM represented that it "spent months analyzing." (JA90; Compl. ¶ 50). ABIM made no effort to simply ask Yahoo or subpoena it for the identity behind Jimmy's email account on its server. (JA11496 - CSMF ¶ 149, referencing JA11279 - Mannes Deposition 58:6-15 "I didn't do

that."). The court below noted ABIM's conspicuous failure to simply ask Dr. Arora who "Jimmy" was. (JA27 n.16).

"Jimmy" is a common nickname for Jaime,[6] not a concealment. "R." is the initial for "Rushford". Defendant was the only person with the name or nickname Jimmy in the 2009 ABIM candidate for certification cohort in Puerto Rico. (JA11512, Dr. Salas Rushford Decl. ¶ 32).

## VII.  CONCLUSION

This Court should affirm the decision below.

Dated: May 9, 2025                     Respectfully Submitted,

                                       s/ Andrew L. Schlafly

                                       Andrew L. Schlafly
                                       939 Old Chester Rd.
                                       Far Hills, NJ 07931
                                       aschlafly@aol.com
                                       Voice: 908-719-8608
                                       Fax:   908-934-9207

                                       *Counsel for Defendant-Appellee.*
                                       *Jaime A. Salas Rushford, M.D.*

---

[6] NicknameDB, https://nicknamedb.com/Jaime (viewed May 9, 2025).

## COMBINED CERTIFICATIONS

Andrew L. Schlafly, attorney for Defendant-Appellee, Jaime A. Salas Rushford, M.D., hereby certifies as follows:

1. I was duly admitted to the Bar of the United States Court of Appeals for the Third Circuit on March 12, 2003, and am presently a member in good standing at the Bar of said Court.

2. This brief complies with the type/volume limitation contained in Rule 32(a)(7)(B) of the Federal Rules of Appellate Procedure. The brief contains 13,000 words, excluding the items identified in Rule 32(f).

3. The printed copies of Defendant-Appellee's brief being filed with the Court are identical to the text in the electronic versions being filed with the Court.

4. The electronic versions of Defendant-Appellee's brief were virus checked on the date of filing and were found to have no viruses.

5. Defendant-Appellee's brief was served and filed with the Court via the Court's ECF system. In accordance with L.A.R. 113.2(c), counsel for Plaintiff-Appellant is a filing user and has therefore consented to electronic service of all documents.

Dated: May 9, 2025

s/ Andrew L. Schlafly
Attorney for Appellee