# No. 24-3012

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE THIRD CIRCUIT

---

AMERICAN BOARD OF INTERNAL MEDICINE,
Plaintiff-Appellant,

v.

JAIME SALAS RUSHFORD, M.D.,
Defendant-Appellee.

---

*On Appeal from the United States District Court*
*for the District of New Jersey No. 2:14-cv-06428-KSH-CLW*
*(Honorable Katherine S. Hayden)*

---

## REPLY BRIEF OF PLAINTIFF-APPELLANT,
## AMERICAN BOARD OF INTERNAL MEDICINE

---

Hara K. Jacobs
Paul Lantieri III
Elizabeth V. Wingfield
BALLARD SPAHR LLP
1735 Market St., 51st Floor
Philadelphia, PA 19103
215.665.8500

## <u>CORPORATE DISCLOSURE STATEMENT</u>

The American Board of Internal Medicine ("ABIM") is a nongovernmental corporate party, and no parent corporation or public corporation owns 10% or more of its stock.

Dated:    June 11, 2025          */s/ Hara K. Jacobs*
                                  Hara K. Jacobs

# <u>TABLE OF CONTENTS</u>

*Page*

I.    INTRODUCTION ........................................................................ 1

II.   ARGUMENT................................................................................ 2

    **A.**    As ABIM Argued Below, Statutory or Actual Damages Are
    Not a Required Element of a Copyright Claim.................................... 2

    **B.**    ABIM Adduced Direct Evidence of Copying Sufficient To
    Satisfy Its Burden To Prove Copying ..................................................... 7

    **C.**    ABIM Adduced Indirect Evidence of Copying Sufficient To
    Satisfy Its Burden To Prove Copying ................................................. 11

        **1.**    Access to the Copyrighted Work Does Not Require
        Access to Its First Publication................................................ 11

        **2.**    The District Court Erred by Not Conducting a Substantial
        Similarity Analysis and Ignored ABIM's Evidence of
        Substantial Similarity.............................................................. 15

    **D.**    The District Court Erroneously Held that Dr. Salas Rushford
    Rebutted the Presumption of Validity of ABIM's Copyright
    Registrations, Leading to Further Legal Errors.................................. 17

    **E.**    Dr. Salas Rushford's Purported Alternative Grounds for
    Affirmance Are Unsupported by Law or Fact .................................. 23

        **1.**    There Is No Basis To Deem ABIM's Copyright
        Registrations Invalid Work-For-Hire Registrations ............... 23

        **2.**    Multiple Disputed Issues of Material Fact Preclude the
        Court from Finding ABIM's Claim Time Barred.................... 25

III.  CONCLUSION............................................................................ 27

i

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*ABIM v. Salas Rushford*,
   841 Fed. Appx. 440 (3d Cir. 2020)............................................25, 26

*Adriana's Ins. Servs. Inc. v. Auto Int'l Ins. Agency, Inc.*,
   No. 8:22-cv-00174, 2023 U.S. Dist. LEXIS 208056 (C.D. Cal.
   Aug. 18, 2023) ........................................................................24

*American Registry of Radiologic Technologists v. Hansen*,
   No. CV07-06224-MMM, 2008 U.S. Dist. LEXIS 100442 (C.D.
   Cal. Dec. 2, 2008) ...................................................................9

*Bayer v. Neiman Marcus Grp., Inc.*,
   861 F.3d 853 (9th Cir. 2017) ...................................................5

*Belmonts v. DiMucci*,
   1996 U.S. App. LEXIS 11574 (2nd Cir. May 21, 1996)......................5

*Bumgarner v. Hart*,
   2007 WL 2470094 (D.N.J. Aug. 30, 2007) ....................................3

*Cetel v. Kirwan Fin. Grp., Inc.*,
   460 F.3d 494 (3d Cir. 2006) ......................................................25

*Compulife Software, Inc. v. Newman*,
   959 F.3d 1288 (11th Cir. 2020) .............................................22, 23

*Connection Training Services v. City of Philadelphia*,
   358 F. App'x 315 (3d Cir. 2009) ................................................23

*Cosmetic Warriors Ltd. v. Nailush*,
   LLC, 2017 U.S. Dist. LEXIS 183886 (D.N.J. Nov. 6, 2017)...............5

*Covington Fabrics Corp. v. Artel Products*,
   328 F. Supp. 202 (S.D.N.Y. 1971) .............................................20

*Dartez v. Peters*,
  No. 15-3255, 2018 U.S. Dist. LEXIS 33992 (D. Kan. Mar. 2, 2018) ................................................................................25

*Downtowner/Passport Int'l Hotel Corp. v. Norlew, Inc.*,
  841 F.2d 214 (8th Cir. 1998) ................................................5

*Dr. Seuss Enters. L.P. v. ComicMix LLC*,
  2018 U.S. Dist. LEXIS 84986 (S.D. Cal. May 21, 2008) .................................13

*Feist Publ'ns v. Rural Rel. Serv. Co.*,
  499 U.S. 340 (1991)................................................................3

*Fodor v. L.A. Unified School District*,
  2014 U.S. Dist. LEXIS 188398 (C.D. Cal. June 3, 2014)..................................10

*Folio Impressions, Inc. v. Byer California*,
  937 F.3d 759 (2d Cir. 1991) ................................................19

*Franklin Mint Corp. v. Nat'l Wildlife Art Exch., Inc.*,
  575 F.2d 62 (3rd Cir. 1978) ................................................8

*Gamma Audio & Video, Inc. v. Ean-Chea*,
  11 F.3d 1106 (1st Cir. 1993)................................................14

*Gaste v. Kaiserman*,
  863 F.2d 1041 (2d Cir. 1988) ................................................21

*U.S. ex rel. Greenfield v. Medco Health Solutions, Inc.*,
  880 F.3d 89 (3d Cir. 2018) ................................................23

*ITC Textile, Ltd. v. J.C. Penney Co.*,
  2014 U.S. Dist. LEXIS 199748 (C.D. Cal. Feb. 7, 2014) ..................................18

*Kamar International, Inc. v. Russ Berrie & Co.*,
  657 F.2d 1059 (9th Cir. 1981) ................................................12

*Kay Berry, Inc. v. Taylor Gifts, Inc.*,
  421 F.3d 199 (3d Cir. 2005) ................................................3, 21

*Kev & Cooper L.L.C. v. Gladwell Educ. Ltd. Liab. Co.*,
  No. 22-2029, 2023 U.S. Dist. LEXIS 31842 (D.N.J. Feb. 27, 2023)................24

*Klein & Heuchan v. Costar Realty Info.*,
   2009 U.S. Dist. LEXIS 136688 (M.D. Fla. Nov. 25, 2009) .............................10

*Lawrence v. City of Phila.*,
   527 F.3d 299 (3d Cir. 2008) ..................................................................14

*Malibu Textiles, Inc. v. Label Lane International, Inc.*,
   922 F.3d 946 (9th Cir. 2019) ..........................................................13, 14

*Masquerade Novelty, Inc. v. Unique Indus.*,
   912 F.2d 663 (3rd Cir. 1990) ..........................................................19, 21

*Mathews v. Kidder Peabody & Co.*,
   260 F.3d 239 (3d Cir. 2001) .................................................................25

*Odegard, Inc. v. Costikyan Classic Carpets*,
   963 F. Supp. 1328 (S.D.N.Y. 1997) ......................................................18

*Rainey v. Diamond State Port Corp.*,
   354 Fed. Appx. 722 (3d Cir. 2009) .........................................................5

*Rorie v. Edwards*,
   2002 U.S. App. LEXIS 28525 (5th Cir. Aug. 13, 2002) .............................5

*Sara Lee Corp. v. Bags of New York, Inc.*,
   36 F. Supp. 2d 161 (S.D.N.Y. 1999) ......................................................4

*Small Business Bodyguard Inc. v. House of Moxie, Inc.*,
   230 F. Supp. 3d 290 (S.D.N.Y. 2017) .....................................................3

*Streetwise Maps, Inc. v. VanDam, Inc.*,
   159 F.3d 739 (2d Cir. 1998) .................................................................13

*Tanksley v. Daniels*,
   902 F.3d 165 (3d Cir. 2018) ...........................................................10, 11

*Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*,
   595 U.S. 178, 142 S. Ct. 941 (2022).....................................................24

*Uzuegbunam v. Preczewski*,
   592 U.S. 279 (2021)........................................................................5, 6

*Visible Sys. Corp. v. Unisys Corp.*,
  551 F.3d 65 (1st Cir. 2008) ..................................................................4

*Whelan Assocs. v. Jaslow Dental Lab., Inc.*,
  797 F.2d 1222 (3d Cir. 1986) ........................................................3, 17

*Yellow Pages Photos, Inc. v. Ziplocal LP*,
  846 F.3d 1159 (11th Cir. 2017) ...........................................................6

**Statutes**

15 U.S.C. § 1116 ......................................................................................4

15 U.S.C. § 1117 ......................................................................................4

17 U.S.C. § 409(9) ..................................................................................13

**Other Authorities**

Nimmer on Copyright § 8.01 ................................................................14

v

## I.    INTRODUCTION

The district court's decision granting summary judgment for Dr. Salas Rushford fundamentally conflicts with numerous well-established principles of copyright law and basic civil procedure.  As ABIM explained in its opening brief, this Court can choose from a comprehensive menu of reversible errors.  Dr. Salas Rushford's brief presents no legally or factually viable path for affirmance.  Indeed, it underscores how far the decision would go in establishing new, ill-founded precedent in copyright law.

The district court not only disregarded substantial and compelling evidence of unauthorized copying, and supplanted a jury in assessing that evidence, but it also (i) introduced a new element to the longstanding test for copyright infringement established by the Supreme Court, and (ii) shifted the burden to the plaintiff to prove in the first instance that a copyright is protectable.  In addition to requiring victims of copyright infringement to satisfy a new damages hurdle, the decision below would saddle them with the limitless and impossible feat of proving that no elements of their work have ever appeared in the public domain from the beginning of time.  That is not how copyright law has ever worked.

Dr. Salas Rushford is unable to cite any precedent supporting the district court's flawed analyses.  Nor can he meaningfully distinguish ABIM's controlling authorities.  He is left to parrot the district court's departures from well-settled law,

and to propose fantastical new rules of copyright law and federal procedure, like one that would excuse students studying for tests from liability under the Copyright Act, and another that would deprive the non-moving party of the benefit of reasonable inferences on motions for summary judgment.

ABIM addresses four of the most salient grounds for reversal below:  (i) the district court's imposition of a new, additional element to establish liability for copyright infringement; (ii) its erroneous analysis of the direct evidence of Dr. Salas Rushford's copying of ABIM's copyrighted exam questions; (iii) its flawed approach to the indirect evidence of copying; and (iv) its erroneous holding that Dr. Salas Rushford rebutted the presumption of validity of ABIM's copyright Registrations, which led to a cascade of further errors.  In addition, ABIM discredits the two alternative grounds for affirmance that Dr. Salas Rushford asserts in his brief.  There is no legal or factual basis for Dr. Salas Rushford's contentions about the validity of ABIM's copyright Registrations or the timeliness of ABIM's claim.

## II.    ARGUMENT

### A.    As ABIM Argued Below, Statutory or Actual Damages Are Not a Required Element of a Copyright Claim

The district court ruled that ABIM cannot prevail on a "claim that Salas Rushford infringed ABIM's copyrighted 2009 exam because ABIM admits it has no entitlement to statutory damages (the only relief it seeks) as to that exam."  JA17. That is clear error because as ABIM argued in its motion for summary judgment, to

establish copyright infringement, only "two elements must be proven: (1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original. *Feist Publ'ns v. Rural Rel. Serv. Co.*, 499 U.S. 340, 361 (1991)."[1] JA423. The Third Circuit follows Supreme Court precedent. *Kay Berry, Inc. v. Taylor Gifts, Inc.*, 421 F.3d 199, 203 (3d Cir. 2005) ("To establish a claim of copyright infringement, a plaintiff must establish: (1) ownership of a valid copyright; and (2) unauthorized copying of original elements of the plaintiff's work."); *Whelan Assocs. v. Jaslow Dental Lab., Inc.*, 797 F.2d 1222, 1248 (3d Cir. 1986).

The district court relied solely on two district court decisions. JA18. In *Bumgarner v. Hart*, 2007 WL 2470094, at *6 (D.N.J. Aug. 30, 2007), the district court reasoned, with no supporting legal authority, that because the *pro se* plaintiff could not recover statutory damages or injunctive relief, the defendant was entitled to summary judgment. Similarly, in *Small Business Bodyguard Inc. v. House of Moxie, Inc.*, 230 F. Supp. 3d 290, 306 (S.D.N.Y. 2017), the district court reasoned, citing no supporting case law, that summary judgment was appropriate for the defendant because the plaintiff could not recover statutory damages. Neither of

---

[1]    Dr. Salas Rushford contends that ABIM waived this argument because it did not discuss nominal damages in its briefing below. ABIM's argument below and on appeal is that damages are not required to prevail on a copyright infringement claim, which is the longstanding law of this Circuit. ABIM's discussion of nominal damages amplifies why statutory and actual damages are not required: nominal damages fill the gap.

those cases considered the availability of nominal damages, much less purported to redefine the elements of a copyright claim. Dr. Salas Rushford does not cite a single case to support the district court's erroneous pronouncement that statutory or actual damages are required to prevail on a copyright infringement claim, Appellee Br. 20-25, underscoring that no such requirement exists in this Circuit.

Dr. Salas Rushford instead argues that a plaintiff may only bring a copyright claim without seeking statutory or actual damages "to the extent such plaintiff is seeking one of the other remedies the Act authorizes," namely, disgorgement of profits, an injunction, or impoundment. *Id.* at 22. Dr. Salas Rushford offers this sweeping pronouncement without any legal authority, relying solely on his own interpretation of Congressional intent over the last century, before summarily concluding that "nominal damages" cannot be available because those words are "not found in the copyright statute." *Id.* The proposition that relief for a statutory claim is limited to remedies specifically delineated in a statute is contradicted by ample precedent. The Lanham Act specifically provides for actual damages and profits, statutory damages, injunctive relief, and the seizure of infringing goods, 15 U.S.C. §§ 1116, 1117 without mentioning nominal damages.[2] Yet, courts routinely

---

[2]   Courts often look to Lanham Act cases in Copyright Act jurisprudence, and vice versa, given the similarities of their principles and statutory schemes. *See, e.g.*, *Visible Sys. Corp. v. Unisys Corp.*, 551 F.3d 65, 78 (1st Cir. 2008); *Sara Lee Corp. v. Bags of New York, Inc.*, 36 F. Supp. 2d 161, 166 (S.D.N.Y. 1999).

award nominal damages in Lanham Act cases.[3]  *See also, e.g.*, *Bayer v. Neiman Marcus Grp., Inc.*, 861 F.3d 853, 872 (9th Cir. 2017) (recognizing that nominal damages are permitted under ADA despite not being expressly identified as a statutory remedy, and explaining that "[n]ominal damages serve one other function, to clarify the identity of the prevailing party for the purposes of awarding attorney's fees and costs in appropriate cases") (citation omitted); *Rainey v. Diamond State Port Corp.*, 354 Fed. Appx. 722 (3d Cir. 2009) (affirming award of nominal damages under the Civil Rights Act even though 42 U.S.C. §1981a(a)(1) states that a plaintiff "may recover compensatory and punitive damages").

Supreme Court precedent fully supports ABIM's position.  In *Uzuegbunam v. Preczewski*, 592 U.S. 279, 287-90 (2021) (cleaned up), the Supreme Court re-affirmed the principle that "every injury imports a damage," such that "[w]hen a right is violated, that violation imports damage in the nature of it and the party injured is entitled to a verdict for nominal damages."  It is of no moment that

---

[3]  *See, e.g.*, *Rorie v. Edwards*, 2002 U.S. App. LEXIS 28525, at *12 (5th Cir. Aug. 13, 2002) (affirming nominal award under Lanham Act); *Downtowner/Passport Int'l Hotel Corp. v. Norlew, Inc.*, 841 F.2d 214, 220 (8th Cir. 1998) ("[O]n the question of Lanham Act damages, we remand for entry of nominal damages only"); *Belmonts v. DiMucci*, 1996 U.S. App. LEXIS 11574, at *4 (2nd Cir. May 21, 1996) ("We also reject the plaintiffs' contention that the district court abused its discretion in instructing the jury that it could award nominal damages . . . ."); *Cosmetic Warriors Ltd. v. Nailush*, LLC, 2017 U.S. Dist. LEXIS 183886, at *15 (D.N.J. Nov. 6, 2017) ("[T]he Court will award $1 in nominal damages for Nailush's Lanham Act violations.").

*Uzuegbunam* was not a copyright case; the holding was not limited to any particular cause of action. Indeed, the Court explained that "[n]ominal damages are not a consolation prize for the plaintiff who pleads, but fails to prove, compensatory damages. They are instead the damages awarded by default until the plaintiff establishes entitlement to some other form of damages, such as ***compensatory or statutory damages***." *Id.* at 290 (emphasis added) (citation omitted).

Moreover, the availability of nominal damages is not foreclosed merely because a statute authorizes other forms of relief. Dr. Salas Rushford admits that in *Yellow Pages Photos, Inc. v. Ziplocal LP*, 846 F.3d 1159, 1163 (11th Cir. 2017), for example, the Eleventh Circuit awarded nominal damages for a claim brought under the Copyright Act. His attempt to distinguish that case on the basis that the court also awarded actual damages, Appellee Br. 25, misses the point. The Eleventh Circuit awarded nominal damages on the plaintiff's claim for copyright infringement and the actual damages arose under a separate claim for contributory infringement. 846 F.3d at 1163 ("YPPI did, in fact, prevail on its copyright claims against Ziplock and was awarded nominal damages, as well as . . . actual damages, based on a theory of contributory infringement."). In other words, plaintiff received actual damages for defendant's facilitation of a third party's infringement and nominal damages for defendant's direct infringement. That is no different than ABIM's position here.

ABIM may obtain statutory damages for its 2007 and 2008 Registrations and nominal damages for its 2009 Registration.

Because the district court erred in ruling that ABIM was required to seek actual or statutory damages to prevail on its 2009 Registration, the judgment against ABIM based on that registration should be reversed.

## B.    ABIM Adduced Direct Evidence of Copying Sufficient To Satisfy Its Burden To Prove Copying

A copyright plaintiff must prove actual copying through either direct evidence or by indirect evidence (*i.e.*, access and substantial similarity). Appellant Br. 18-19. ABIM adduced ample evidence of both types. The direct evidence consists of Dr. Salas Rushford's many emails sending ABIM exam questions to Dr. Arora, and Dr. Luna's testimony confirming that those emails contain content from her exam. Appellant Br. 6-10. The district court usurped the role of the jury when it discredited and disregarded that evidence. *Id*. at 23-28.

Dr. Salas Rushford does not defend the court's reasoning, but elides its error by arguing that "there is no direct evidence of copying." Appellee Br. 25. His argument confuses ***direct evidence of copying*** (which is what ABIM's claim requires) with ***evidence of direct copying*** (which is not the basis of ABIM's claim). Indeed, his point is not that his emails and Dr. Luna's testimony do not exist; rather, it is that he "did not copy or repeat any of the questions on the ABIM exam that he took." *Id*. (further stating that he "never disclosed what he saw on his exam [so]

[d]irect copying is not at issue"). In other words, he did not engage in direct copying of his exam, but that is beside the point; ABIM has never claimed that he did.

The following scenario illustrates the problem: over lunch, Jane tells her friend John that she just finished reading J.R.R. Tolkien's *The Lord of the Rings* and recaps the story in detail, including the characters, the key plot points, and memorable dialogue. John then returns home and writes his own novel, *The Ruler of the Jewelry*—a tale of a hobbit named Frodo who, with the assistance of a fellowship comprised of men, dwarves, and elves, proceeds to evade orcs, goblins, and trolls to destroy a golden ring of power in a volcano. Jane testifies about the lunch conversation in Tolkien's suit against John. According to Dr. Salas Rushford's formulation of the law, Jane's testimony cannot be direct evidence of copying because John did not reproduce anything that he personally read. *See* Appellee Br. 25. That plainly is not the law. *See, e.g.*, *Franklin Mint Corp. v. Nat'l Wildlife Art Exch., Inc.*, 575 F.2d 62, 64 (3rd Cir. 1978) ("Copying done from memory is as objectionable as that done by tracing or direct view.") (citations omitted).

While "[d]irect copying is not at issue," direct evidence of copying assuredly is. As to that evidence, Dr. Salas Rushford offers no answer. Dr. Luna testified in detail about her conversations in which she conveyed extensive ABIM copyrighted exam content to Dr. Salas Rushford, and she confirmed that his notes that he sent to

Dr. Arora contained her detailed recollections from their conversation.  JA449-50; JA454; JA10895-918.  Dr. Salas Rushford attempts to minimize the import of this testimony by suggesting that Dr. Luna merely "infers, purely based on the content, that what he emailed was based on what she said."  Appellee Br. 27 (emphasis omitted).  That is not what she testified.  In fact, she testified that Dr. Salas Rushford called her to solicit questions from her exam and then sent his notes to her to confirm they accurately reflected the ABIM exam content she shared.  JA450.  Dr. Salas Rushford can attempt to dispute Dr. Luna's testimony at trial.  But her deposition testimony is more than sufficient to satisfy ABIM's burden to provide direct evidence of copying.  The district court erred by disregarding it.

Dr. Salas Rushford casts Dr. Luna's testimony aside by concluding, without citation to any authority, that it "is definitely not direct evidence of copying." Appellee Br. 28.  He never tries to explain why first-hand knowledge and personal observation of the infringer's copying does not constitute direct evidence of copying. And he cannot effectively distinguish the ample authority that establishes that it does.  In *American Registry of Radiologic Technologists v. Hansen,* No. CV07-06224-MMM (AGRx), 2008 U.S. Dist. LEXIS 100442, at *13 (C.D. Cal. Dec. 2, 2008), for example, the court found a representation on the defendant's website that "LISTED BELOW ARE QUESTIONS FROM STUDENTS WHO HAVE TAKEN THEIR ARRT BOARD EXAM" to be sufficient direct evidence of copying of the

plaintiff's exam.    That representation is akin to Dr. Luna's testimony here confirming that the notes Dr. Salas Rushford sent to Dr. Arora were questions she had encountered on her ABIM exam.   Dr. Salas Rushford illogically contends that *Hansen* is irrelevant because "students were not defendants," as though direct evidence of copying depends on the vocation of the infringer and not first-hand knowledge of a testifying witness.   Appellee Br. 28; *see also id.* (arguing that *Klein & Heuchan v. Costar Realty Info.*, 2009 U.S. Dist. LEXIS 136688 (M.D. Fla. Nov. 25, 2009), is irrelevant because it "involved straightforward, unauthorized emailing of copyrighted realtor photos"—a meaningless distinction because the jury would still be required to decide whether the subsequent infringing work used the photographs from the emails as opposed to similar, but original, photographs authored by the defendant); *id.* at 29 (similarly trying to distinguish *Fodor v. L.A. Unified School District*, 2014 U.S. Dist. LEXIS 188398, at *35 (C.D. Cal. June 3, 2014), on the basis that it "did not involve any test or examination").[4]

"Actual copying focuses on whether the defendant did, in fact, use the copyrighted work in creating his own."   *Tanksley v. Daniels*, 902 F.3d 165, 173 (3d

---

[4]    Dr. Salas Rushford also quotes *Fodor* as finding that "the infringing work 'contained virtually identical copies'" of the copyrighted work.   Appellee Br. 29. That is a mischaracterization.   The court was not addressing the similarity of the infringing work to the copyrighted work; it was analyzing the similarity of two different editions of the copyrighted work.   In any event, the statement had nothing to do with direct evidence of copying.

Cir. 2018). Just like the evidence that Jane shared *The Lord of the Rings* story with John, or evidence that someone sang a copyrighted song to a listener who then recorded the same song, the evidence that Dr. Luna provided copyrighted ABIM exam questions to Dr. Salas Rushford is direct evidence of his copying.

## C.    ABIM Adduced Indirect Evidence of Copying Sufficient To Satisfy Its Burden To Prove Copying

ABIM likewise presented the district court with compelling indirect evidence of copying, showing (i) through Dr. Luna and others who took the exam before he did, that Dr. Salas Rushford had access to ABIM copyrighted exam questions, and (ii) through Dr. Ward's testimony, that the content Dr. Salas Rushford sent to Dr. Arora was substantially similar to ABIM's questions. However, the court made numerous legal errors in analyzing that evidence and improperly disregarded the indirect evidence as well. Dr. Salas Rushford's brief only accentuates those errors.

### 1.    Access to the Copyrighted Work Does Not Require Access to Its First Publication

Among other errors in its access analysis, the district court improperly limited its inquiry to whether Dr. Salas Rushford had access to ABIM's 2007 and 2008 *exams*, rather than the questions covered by the 2007 and 2008 *Registrations*. Appellant Br. 32-33. Dr. Salas Rushford seizes on that mistake, contending that ABIM "never provided adequate evidence of infringement on copyright-protected material in the 2007 and 2008 Registrations" because Dr. Luna "took only a version

of the 2009 exam." Appellee Br. 29. Stated differently, he argues that one cannot infringe a copyrighted work unless the infringer accessed the original publication in which the work appeared. He admits, however, copying a copy of a copyrighted work is impermissible copying. *Id.* at 34. ABIM adduced ample evidence that questions Dr. Salas Rushford obtained from Dr. Luna and sent to Dr. Arora were covered by ABIM's 2007 and 2008 Registrations through Dr. Ward's side-by-side question comparison and the deposit copies for ABIM's 2007 and 2008 Registrations containing the infringed questions. JA10919-10964 (Ward Report and appendices), JA4346-6298 (deposit copy of modules registered with the Copyright Office for 2008 ABIM exam), JA6299-10870 (deposit copy of modules registered with the Copyright Office for 2007 ABIM exam), JA10965-10968 (summary chart of question matches).

Nevertheless, Dr. Salas Rushford asserts that ABIM never submitted proof that he had access "to a copy of a copy of copyright-protected material." *Id.* That is a semantic sleight-of-hand. For example, he distinguishes *Kamar International, Inc. v. Russ Berrie & Co.*, 657 F.2d 1059, 1062 (9th Cir. 1981)—which found sufficient evidence of access when "a third party with whom both the plaintiff and defendant were dealing had possession of plaintiff's work"—on the ground that "Dr. Luna never had possession of ABIM's 2007 or 2008 exams, or ABIM's 2008 or 2008 Registrations." Appellee Br. 31. The relevant question is not whether Dr.

12

Salas Rushford, through Dr. Luna, had access to versions of ABIM's 2007 and 2008 exams. Rather, it is whether Dr. Salas Rushford, through any source, had access to content protected by ABIM's 2007 and 2008 Registrations. Dr. Luna's testimony, together with the actual questions covered by those copyright registrations, demonstrates that he did.[5] JA450-460.

Dr. Salas Rushford also confuses the standard the Court should apply in reviewing the order granting his motion for summary judgment. He argues that the Court should disregard the ruling in *Malibu Textiles, Inc. v. Label Lane*

---

[5] Dr. Salas Rushford's attempt to distinguish *Streetwise Maps, Inc. v. VanDam, Inc.,* 159 F.3d 739 (2d Cir. 1998), also fails. That case held that when the plaintiff "is the owner of the copyright of both the derivative and pre-existing work, the registration certificate relating to the derivative work in this circumstance will suffice to permit it to maintain an action for infringement based on defendants' infringement of the pre-existing work. That plaintiff need not produce a separate registration relating to the pre-existing work is a proposition which finds support in other courts and in the writings of scholarly commentators." *Id.* at 747 (citations omitted).

Dr. Salas Rushford contends that the copyright registration in *Streetwise* "described [the subject work] as a derivative work, without expressly excluding prior-registered material as ABIM did" in the registrations for its exams. Appellee Br. 40. But regardless of whether the Second Circuit noted it, the plaintiff in *Streetwise* had in fact disclaimed previously-registered material in the registration for the derivative work, just as ABIM did here, because such a disclaimer is a statutory requirement for any registration of a derivative work. *See Dr. Seuss Enters. L.P. v. ComicMix LLC*, 2018 U.S. Dist. LEXIS 84986, at *14 (S.D. Cal. May 21, 2008) ("Thus, in the registration application for a derivative work, the applicant must disclaim such material.") (citing U.S. Copyright Office, Compendium of U.S. Copyright Office Practices, §§ 503.5, 507.2 (3d ed. 2017), and 17 U.S.C. § 409(9)).

*International, Inc.*, 922 F.3d 946 (9th Cir. 2019), supporting the "reasonable possibility of access" standard because "that [decision] was merely at the pleading stage, when inferences are generously drawn in favor of the plaintiff, in contrast with the summary judgment standard at issue here." Appellee Br. 33. Yet on a summary judgment motion, "[i]t is well established that the court must view all evidence and draw all inferences in the light most favorable to the non-moving party." *Lawrence v. City of Phila.*, 527 F.3d 299, 310 (3d Cir. 2008) (citation omitted). The district court did the opposite.

The district court ruling, echoed by Dr. Salas Rushford, that an infringer must access the copyrighted material in the publication in which it originally appeared directly contradicts controlling precedent. If an infringer cannot be liable if his access to the copyrighted work is solely through its reproduction in a subsequent work, an author's book could be freely copied by someone who only saw the movie. No such loophole exists in copyright law. *Gamma Audio & Video, Inc. v. Ean-Chea*, 11 F.3d 1106, 1112 (1st Cir. 1993) ("We are led inexorably to the conclusion that Ean-Chea infringed upon copyrights in the underlying works by renting out episodes of the Cambodian version of *Jade Fox* which contained video images protected by the registered copyrights in the Chinese version of *Jade Fox*."); Nimmer on Copyright § 8.01 ("[I]t is no defense even if defendant did copy from a third work

rather than from plaintiff if such third work was itself an unauthorized copy of plaintiff's work.") (citing cases).

### 2. The District Court Erred by Not Conducting a Substantial Similarity Analysis and Ignored ABIM's Evidence of Substantial Similarity

After erroneously concluding that ABIM did not present sufficient evidence of access, the district court failed to conduct a proper substantial similarity analysis. The court again improperly disregarded evidence sufficient to withstand summary judgment, and it again committed additional legal errors along the way. Appellant Br. 34-38. Dr. Salas Rushford's brief underscores those flaws.

The district court ruled that ABIM's expert, Dr. Ward, failed to identify "facts showing why there is no reasonable possibility Salas Rushford got the content elsewhere." JA36. In so ruling, the court erroneously invoked the standard for "striking similarity," a test by which a plaintiff may circumstantially establish an inference of access. That concept is not at issue in this case because ABIM adduced ample direct evidence of access and is not relying on an inference. *See* Appellant Br. 36 n.3. Dr. Salas Rushford's contention that ABIM has "conceded" a lack of "striking similarity," Appellee Br. 36, is of no moment.

With respect to substantial similarity, Dr. Salas Rushford simply ignores the evidence and contends that "ABIM never pointed to any side-by-side comparison" of ABIM's copyrighted exam questions and his reproductions. *Id.* at 38. In fact,

ABIM did precisely that. Dr. Ward systematically compared Dr. Salas Rushford's communications side-by-side with the corresponding ABIM exam question, and ABIM produced the deposit copy of each infringed question submitted to the Copyright Office. *See* Appellant Br. 35-38; JA10919-10964, JA4346-6298, JA6299-10870, JA10965-10968.

Dr. Salas Rushford does not contend that ABIM's copyrighted questions and his infringing notes are sufficiently ***dissimilar*** as a matter of law to warrant summary judgment in his favor. Instead, he argues that Dr. Ward cannot opine on whether they are substantially similar. Appellee Br. 37 ("[ABIM's] expert attempted to supplant the finder of fact, which is not allowed."). There are two problems with that argument.

First, Dr. Ward's testimony was, at the very least, admissible to demonstrate the similarities between the works. To the extent the district court held that Dr. Ward did not sufficiently prove that "there is no reasonable possibility Salas Rushford got the content elsewhere," JA36, that is a distinct question from whether Dr. Ward sufficiently presented a side-by-side comparison permitting the finder of fact to assess substantial similarity. Whether the substantial similarity resulted from copying or Dr. Salas Rushford's independent authorship is a question for the jury.

Second, while in one section of his brief Dr. Salas Rushford proclaims that Dr. Ward cannot opine on substantial similarity as an expert, Appellee Br. 35, in

another section he asserts that an expert is necessary to assess similarity given the subject matter of ABIM's exam questions, *id*. at 41-42.[6]  Both cannot be true.

In any event, a proper substantial similarity analysis—aided by Dr. Ward's opinions—reveals ample issues of fact from which a jury could find substantial similarity between ABIM's exam questions and Dr. Salas Rushford's copies.

### D.    The District Court Erroneously Held that Dr. Salas Rushford Rebutted the Presumption of Validity of ABIM's Copyright Registrations, Leading to Further Legal Errors

The district court also committed several errors in its analysis of the "material appropriation" component of copying.  Appellant Br. 39-55.  Some of those errors flow from the court's misapprehension of a central tenet of copyright law:  a registered copyright is presumptively valid unless the defendant rebuts the presumption with evidence that the copyrighted work was itself copied from another work.  *Id.* at 44-45 (citing cases).

---

[6]    Dr. Salas Rushford made the latter assertion in defending the district court's misapplication of the *Whelan* analysis, under which it found that it could rely on his expert's testimony in connection with its flawed material appropriation analysis.  *See* Appellant Br. at 39, 42-44.  Without any supporting authority, Dr. Salas Rushford contends that "ABIM implicitly waived any objection to applying *Whelan*."  Appellee Br. 41.  In fact, ABIM argued in the district court, as it does here, that *Whelan* is inapplicable because it has never been applied outside the software context—a point Dr. Salas Rushford cannot contest. JA 11702-03.

Dr. Salas Rushford adduced no evidence that ABIM's copyrighted questions were copied from other works. Nevertheless, the district court held that he rebutted the presumption of the validity of ABIM's copyrights based on the opinions of his expert, Dr. Fisher. JA39-40. But Dr. Fisher did not opine that ABIM's ***questions*** were copied; rather, he opined that the ***medical topics*** tested by ABIM's questions were not original. *See* JA39-40 (quoting JA11582 ¶ 13 (opining that "it is common and logical to use differential diagnoses or treatments of alternative disease states as distractors (wrong answers) in multiple choice exams," and that "either in reviews or in other study guides available to physicians, the same information would appear"). In other words, all he opined was that those topics have been tested before—an unremarkable point that has no bearing on whether ABIM copied its questions from some other source.

Whether the medical ***ideas*** embodied in ABIM's copyrighted questions are "common" says nothing about whether the ***expressions*** of those questions were copied from another. *Odegard, Inc. v. Costikyan Classic Carpets*, 963 F. Supp. 1328, 1335 (S.D.N.Y. 1997) (defendant did not rebut presumption even though the "evidence at trial showed that eight-pointed figures are commonly used in fabric design"); *ITC Textile, Ltd. v. J.C. Penney Co.*, 2014 U.S. Dist. LEXIS 199748, at *13 (C.D. Cal. Feb. 7, 2014) ("Yet, to rebut the presumption of validity, Defendants must do more than show that the designs are common"). And while Dr. Salas

Rushford emphasizes Dr. Luna's testimony that she had seen 20% of her exam questions in Dr. Arora's prep course, Appellee Br. 27-28, 35, 49, the probative value of that testimony does not relate to the originality of ABIM's questions. Rather, it supports ABIM's theory that Dr. Arora obtained actual ABIM questions from his prep course students, including Dr. Salas Rushford.

The decision below rewrites this Circuit's well-established standard for rebutting the presumption of validity. "The burden on the defendant to rebut the presumption varies depending on the issue bearing on the validity of the copyright. Where, for example, the issue is whether the copyrighted article is 'original,' the presumption will not be overcome unless the defendant offers proof that the plaintiff's product was copied from other works or similarly probative evidence as to originality." *Masquerade Novelty, Inc. v. Unique Indus.*, 912 F.2d 663, 668-69 (3rd Cir. 1990); *see also Folio Impressions, Inc. v. Byer California*, 937 F.3d 759, 764-65 (2d Cir. 1991) (finding one work unoriginal because the evidence demonstrated it was copied from the public domain, but finding another work original and protectable because "there [was] no evidence that [the alleged infringer] copied [it] from any source").

Tellingly, while Dr. Salas Rushford devotes three pages of his brief to defending the district court's holding, Appellee Br. 43-45, he does not cite a single case finding the presumption rebutted based on "evidence" remotely like that offered

19

here.    That is because the holding below directly contravenes Third Circuit precedent.

*Covington Fabrics Corp. v. Artel Products*, 328 F. Supp. 202, 204 (S.D.N.Y. 1971), is instructive.  In *Covington*, the defendant relied on an expert's "bare conclusion that plaintiffs' design is not original to overcome the presumption of validity.  In substance, defendant's 'expert' conclude[d] that plaintiffs' design is a common pattern consisting of floral designs standard in the industry and assert[ed] that the design [was] neither original, creative nor unique."  Like Dr. Fisher here, the expert in *Covington* "fail[ed] to comment on the design in terms of the very modest degree of originality sufficient for a valid copyright," much less "offer any proof that plaintiffs' design was either copied or in the public domain.  In the absence of such proof, defendant . . . failed to overcome the presumption that the copyright is valid." *Id.* (cleaned up).

ABIM does not dispute Dr. Fisher's point that it is "common and logical" to use differential diagnoses as wrong answer choices.  It would make no sense to have a medical certification exam ask a question about diabetes where the wrong answer choices are "chicken soup," "The War of 1812," and "Yahtzee!"  Dr. Salas Rushford acknowledges that ABIM cited "a half-dozen decisions" finding "multiple-choice questions and answers" to be protectable, but his only response is the manifestly irrelevant observation that "[n]one of ABIM's cited precedents involves suing a

20

student for his exam preparation activity." Appellee Br. 47. What the district court and Dr. Salas Rushford miss is that copyright protection is not limited to ***uncommon*** and ***illogical*** expressions; it protects all ***original*** expressions. *Gaste v. Kaiserman*, 863 F.2d 1041, 1066 (2d Cir. 1988) ("Originality for copyright purposes amounts to little more than a prohibition of actual copying. No matter how poor the 'author's' addition, it is enough if it be his own.") (cleaned up).

By holding that Dr. Salas Rushford rebutted the presumption of validity, the court placed an impossible burden on ABIM to prove the protectability of its registered works. If Dr. Salas Rushford had presented evidence that ABIM's questions were "copied from other works," as this Court requires, *Masquerade*, 912 F.2d at 668-69, the court rightly could have required ABIM to demonstrate that the expressive differences between its questions and the allegedly copied, pre-existing works were nevertheless sufficient to clear the low threshold for originality under copyright law. *See, e.g., Kay Berry, Inc. v. Taylor Gifts, Inc.*, 421 F.3d 199, 207 (3d Cir. 2005) (reversing district court and finding work protectable where plaintiff "selected an inspirational poem from the public domain, adapted that poem to make it visually and rhythmically appealing, and then cast it on its own sculptural work"). While it is one thing to require a plaintiff to demonstrate the originality of his work compared to other identified works, it is quite another to demand a plaintiff demonstrate the originality of its work in the abstract by distinguishing its work from

every other expression fixed in a tangible medium over the course of human history. Yet that is the standard the district court applied to ABIM's claim.

In *Compulife Software, Inc. v. Newman*, 959 F.3d 1288 (11th Cir. 2020), the Eleventh Circuit explained that "[i]f . . . the defendant believes that some part of the copyrighted work is in the public domain, ***he must narrow the inquiry by indicating where in the public domain that portion of the work can be found***. . . . The plaintiff then faces the manageable task of responding to the appropriately narrowed issue." *Id.* at 1306 (emphasis added) (cleaned up). The reason for requiring the defendant to point to specific evidence of unoriginality—like this Court's requirement that the defendant offer "proof that the plaintiff's product was copied from other works"— is that it is impossible for a plaintiff to prove originality through an affirmative obligation to negate lack of originality. *Id.* at 1306 (explaining that in the absence of such a showing by the defendant, "[p]lacing the burden of proving protectability on the plaintiff would seemingly require just these kinds of impossibilities."). A "plaintiff, for instance, can't be expected to present the entirety of the public domain as it existed when he authored his copyrighted material in order to show that no elements of his work were taken from it." *Id.* at 1305. If Dr. Salas Rushford contends that ABIM's questions were copied from review or study guides, it is his burden to

identify those materials, which he did not.[7]  Such a requirement "isn't just consistent

with . . . precedent and leading scholarly commentary, but [is] also fairer and more

efficient."  *Compulife*, 959 F.3d at 1306.  The Eleventh Circuit did not, contrary to

Dr. Salas Rushford's assertion, Appellee Br. 46, announce "a new rule for copyright

infringement" in *Compulife*.  It reiterated common sense.

### E.    Dr. Salas Rushford's Purported Alternative Grounds for Affirmance Are Unsupported by Law or Fact

#### 1.    There Is No Basis To Deem ABIM's Copyright Registrations Invalid Work-For-Hire Registrations

Dr. Salas Rushford also argues that the district court could have deemed

ABIM's copyright Registrations invalid as improperly designated work-for-hire

registrations.  Appellee Br. 51.  Under the safe harbor provisions of Section 411 of

the Copyright Act, to carry his burden to rebut validity, Dr. Salas Rushford was

required to establish that:  (i) ABIM had subjective knowledge that it made a factual

or legal inaccuracy in the Registrations, and (ii) the inaccuracy would have led the

---

[7]    Dr. Salas Rushford ironically contends that "ABIM implicitly seeks to avoid any burden as the non-movant", and cites two cases that have no bearing on this one.  *See* Appellee Br. 48 (citing *U.S. ex rel. Greenfield v. Medco Health Solutions, Inc.*, 880 F.3d 89, 98-99 (3d Cir. 2018) (under the False Claims Act, a plaintiff "must provide evidence of the actual submission of a false claim to prevail at summary judgment"), and *Connection Training Services v. City of Philadelphia*, 358 F. App'x 315, 317-18 (3d Cir. 2009) (reciting the general summary judgment standard in affirming grant of summary judgment on due process and equal protection claims).  ABIM readily met its burdens to defeat his summary judgment motion, but the court below improperly relieved him of his burdens to prevail on summary judgment.

Register of Copyrights to refuse the Registrations. *See Unicolors, Inc. v. H&M Hennes & Mauritz, L.P.*, 595 U.S. 178, 142 S. Ct. 941, 947 (2022) ("[I]n this context, the word 'knowledge' means actual, subjective awareness of both the facts and the law."). Dr. Salas Rushford makes three errors in applying this test.

First, he contends that the registrations are flawed because "work-for-hire agreements are required to be in writing," Appellee Br. 51, but ABIM incontrovertibly satisfied that requirement. JA11727-28.

Second, he does not even attempt to satisfy the subjective knowledge prong to overcome the validity of ABIM's Registrations. *See Kev & Cooper L.L.C. v. Gladwell Educ. Ltd. Liab. Co.*, No. 22-2029, 2023 U.S. Dist. LEXIS 31842, at *5-6 (D.N.J. Feb. 27, 2023) ("To the extent Plaintiff's certificate of registration contains inaccurate information by stating that the Work was made for hire, there is no evidence that Plaintiff knew this was inaccurate . . . .").

Third, Dr. Salas Rushford cannot establish that any inaccuracy would have caused the Register of Copyrights to refuse the registrations. *See Adriana's Ins. Servs. Inc. v. Auto Int'l Ins. Agency, Inc.*, No. 8:22-cv-00174, 2023 U.S. Dist. LEXIS 208056, at *15-16 (C.D. Cal. Aug. 18, 2023) (holding that because the plaintiff was the owner by assignment, the copyright registration was valid: "Because the alleged inaccuracies in Plaintiff['s] copyright application were curable on that basis, Defendant[] cannot show that the Register of Copyrights would have refused

registration."). There is no dispute that ABIM is alternatively the owner of the works by assignment even if they were not properly designated works for hire. JA11727-28.

> ### 2. Multiple Disputed Issues of Material Fact Preclude the Court from Finding ABIM's Claim Time Barred

Dr. Salas Rushford offers three reasons why ABIM's claim should be time-barred. Appellee Br. 52-53. None withstands scrutiny.

First, he suggests that the statute of limitations began to run on July 29, 2011, when ABIM signed a settlement agreement with Dr. Luna. But this Court has already held that the statute of limitations did not begin to run until January 2012, "when [ABIM] was tipped off by another test taker" as to the identity of Dr. Salas Rushford. *ABIM v. Salas Rushford*, 841 Fed. Appx. 440, 441 (3d Cir. 2020).

Second, he contends that ABIM was required to subpoena—or "simply ask"—Yahoo! to unmask his disguised identity. Even putting aside that there is no record evidence that Yahoo! knew the identity of "padrinojr"—the moniker he used for his illicit emails with Dr. Arora—"[r]easonable due diligence does not require a plaintiff to exhaust all possible avenues of inquiry." *Cetel v. Kirwan Fin. Grp., Inc.*, 460 F.3d 494, 508 (3d Cir. 2006) (quoting *Mathews v. Kidder Peabody & Co.*, 260 F.3d 239, 255 (3d Cir. 2001)); *see also Dartez v. Peters*, No. 15-3255, 2018 U.S. Dist. LEXIS 33992, at *20 (D. Kan. Mar. 2, 2018) (finding due diligence despite defendants' argument that the plaintiff could have issued subpoenas).

Third, Dr. Salas Rushford asserts that his use of the pseudonym "Jimmy R." should have made his real identity obvious because "'Jimmy' is a common nickname for Jaime" and "R." is the first initial of one of his last names. Appellee Br. 53. By that logic, a plaintiff would be required to conclude that someone using the username "Kitty J." must be Catherine Zeta-Jones.

In any event, Dr. Salas Rushford does not challenge that ABIM's claim was timely due to equitable tolling. As this Court instructed at the pleading stage, "even in the absence of the discovery rule, ABIM's allegations concerning Rushford's deliberate attempts to disguise his identity should have warranted application of equitable tolling." 841 Fed. Appx. at 443. "[U]sing a pseudonym and an email address that conceals one's identity are surely suggestive of intent to mislead." *Id.*

Accordingly, Dr. Salas Rushford is not entitled to summary judgment based on the timeliness of ABIM's claim.

## III.    CONCLUSION

The district court's order granting summary judgment for Dr. Salas Rushford should be reversed.

Respectfully submitted,

Dated:  June 11, 2025

/s/ *Hara K. Jacobs*
Hara K. Jacobs
Paul Lantieri III
Elizabeth V. Wingfield
BALLARD SPAHR LLP
1735 Market St, 51st Floor
Philadelphia, PA 19103
jacobsh@ballardspahr.com
lantierip@ballardspahr.com
wingfielde@ballardspahr.com
Tel. 215.665.8500
Fax  215.864.8899

*Attorneys for Plaintiff-Appellant, ABIM*

## **COMBINED CERTIFICATIONS OF COMPLIANCE**

1. Pursuant to Third Circuit Local Appellate Rule 28.3(d), the undersigned counsel for Plaintiff-Appellant certifies that she is a member of the bar of this court.

2. This brief complies with the type-volume limitation of Fed. R. App. P. 32(a)(7)(B)(ii) because it contains no more than 6,500 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).  This brief contains a total of 6490 words.

3. This brief also complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6). This brief has been prepared in 14-point Times New Roman, a proportionally spaced typeface, using Microsoft Word.

4. The brief complies with Third Circuit Local Appellate Rule 31.1(c).  The text of the electronic brief is identical to the text of the paper copies filed with the Court.  The electronic brief and accompanying joint appendix

were subject to a virus scan by Windows Defender Agent version 4.10.14393.1198 and no virus was detected.

5. I hereby certify that on June 11, 2025, a true and correct copy of the foregoing brief was served upon all parties by electronic filing.

Dated:        June 11, 2025               */s/ Hara K. Jacobs*
                                          Hara K. Jacobs