NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-3012
_____

AMERICAN BOARD OF INTERNAL MEDICINE,
                                                         Appellant

v.

JAIME SALAS RUSHFORD, M.D.

_____

Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2:14-cv-06428)
District Judge: Honorable Katharine S. Hayden

_____

Submitted under Third Circuit L.A.R. 34.1(a)
November 13, 2025

_____

Before: SHWARTZ, MATEY, and MONTGOMERY-REEVES, *Circuit Judges*.

(Filed: January 16, 2026)

_____

OPINION[*]
_____

MONTGOMERY-REEVES, *Circuit Judge*.

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7, is not binding precedent.

The American Board of Internal Medicine ("ABIM") sued Dr. Jaime Salas Rushford for copyright infringement, alleging that Rushford unlawfully emailed ABIM's copyrighted test material to a test-preparation company. The District Court granted Rushford's motion for summary judgment on ABIM's copyright infringement claims. Because ABIM failed to show there is a genuine dispute of material fact that Rushford actually copied ABIM's copyrighted test materials, we will affirm the District Court's judgment.

## I.   BACKGROUND

ABIM is a physician-led non-profit organization that certifies doctors practicing internal medicine and related subspecialties. A doctor designated "board certified" by ABIM "has met certain educational, training, and professionalism requirements, and passed a secure, proctored, computer-based examination in internal medicine." Joint Appendix (hereinafter "App. __") 440.

ABIM exams are single-day, multiple-choice tests that are administered several days every year. ABIM develops and regularly updates potential exam questions designed to reflect current scientific developments in the field of internal medicine. ABIM also registers its potential exam questions with the United States Copyright Office. The registrations relating to the 2007, 2008, and 2009 exam questions are relevant here (the "Registrations").[1]

---

[1] The relevant details of the Registrations are as follows.

2

The potential exam questions contained in the Registrations are organized "into the modules that appear on a particular examination." App. 444. As they appear in the record, the deposit copies of the 2007, 2008, and 2009 modules registered with the Copyright Office are each thousands of pages long and almost fully redacted, with a smattering of unredacted pages scattered throughout.[2] These unredacted pages,[3] each of which appears to contain a single exam question, are the basis of ABIM's infringement claim.

---

The 2007 Registration: The 2007 exam questions were registered under registration numbers TX 6-871-423, reflecting a first publication date of May 1, 2007, and TX 6-871-490, reflecting a first publication date of August 1, 2007. For both registrations, the listed effective date is November 8, 2007.

The 2008 Registration: The 2008 exam questions were registered under registration numbers TX 7-116-687, reflecting a first publication date of August 1, 2008, and TX 7-116-718, reflecting a first publication date of May 1, 2008. For both registrations, the listed effective date is January 15, 2009.

The 2009 Registration: The 2009 exam questions were registered under registration numbers TX 7-116-588, reflecting a first publication date of May 1, 2009, and TX 7-116-625, reflecting a first publication date of August 1, 2008. ABIM later obtained a corrected registration, TX 6-775-170, as a supplement to TX 7-116-625, "which was submitted with an incorrect administrative year (2008)." App. 446. For both registrations, the listed effective date is September 17, 2009.

[2] For example, as the District Court observed, of the 4,571 pages in Exhibit 7 to ABIM's motion for summary judgment—which is the deposit copy of the 2007 exam modules—"all but 100 pages scattered throughout, plus the module cover pages, [are] redacted." App. 22.

[3] In its summary judgment briefing below, ABIM noted that "some questions appeared in multiple modules of an ABIM exam . . . ." App. 426 n.1. It is unclear from the record how many duplicate questions there are within a given Registration.

The record reflects that only a subset of exam questions from the Registrations appears on a particular student's exam. Some questions appear in more than one Registration. Relevant here, certain questions in the 2009 Registration may also appear in the 2007 Registration, the 2008 Registration, or both.

Given the purpose of ABIM exams, ABIM employs measures to protect the secrecy and security of its exam questions. ABIM notifies candidates that the ABIM exam contains copyrighted work that may not be reproduced. And ABIM conducts Internet searches to uncover the disclosure of its exam questions.

Consistent with its typical practices, ABIM reviewed sample test questions posted on Arora Board Review's ("ABR") website and concluded that ABR infringed its copyrighted exam questions. Through litigation against ABR, ABIM obtained documents that included a series of emails between Rushford and Dr. Rajender K. Arora, owner of ABR. It became apparent that Rushford had registered to sit for an August 2009 exam and attended ABR's course from May 18, 2009 through May 23, 2009. After attending the course, but before sitting for his exam, Rushford and Arora exchanged numerous emails.[4] According to ABIM, four of these emails[5] included contents from exam questions protected by the Registrations.

---

[4] It is undisputed that Rushford did not share the contents of his own exam with anyone, including Arora.

[5] ABIM points to six emails. The District Court noted that only four of these emails are alleged by ABIM to contain infringing content; the other two emails provide context for

4

We divide these four emails into two groups. The first group of emails, which Rushford sent Arora on August 12, 2009, contained attachments comprising multiple pages of handwritten notes. ABIM asserts that these attachments "contained detailed content from the ABIM Examination given that same day." App. 449. According to ABIM, Rushford obtained this content from his residency colleague, Dr. Geraldine Luna, who had taken the exam earlier that day. Luna testified that after her exam, she spoke to Rushford over the phone and shared her exam questions. She testified that the handwritten notes Rushford attached in his August 12 emails were his notes from Luna and Rushford's phone conversation, and that Rushford later sent Luna those notes—at her request—so that she could confirm that the notes accurately reflected their discussion. Rushford disputes that the notes came from Luna and instead suggests that they came from review sources. The second group of emails, which Rushford sent Arora on August 13 and August 16, 2009, included typewritten notes that ABIM claims contained ABIM exam content, based on certain notations in the documents. ABIM does not point to any evidence in the record as to the origin of these notes.[6]

---

the inferences ABIM seeks to draw with respect to copying. As ABIM does not contest the District Court's characterization on appeal, we adopt that characterization here.

[6] ABIM characterizes the notes in one email as "specific testing points and ABIM exam questions that Dr. Salas Rushford had received by email from a residency colleague earlier that day." App. 457. But ABIM offers no factual support for that assertion beyond the email itself, which does not reflect where Rushford obtained the material he forwarded to Arora.

On October 17, 2014, ABIM sued Rushford for copyright infringement in the U.S. District Court for the District of New Jersey.[7] The parties filed cross-motions for summary judgment and, on September 30, 2024, the District Court entered an order granting Rushford's motion for summary judgment and denying ABIM's motion.[8] ABIM appealed.

## II.    DISCUSSION[9]

ABIM contends that Rushford infringed 46 exam questions protected by the 2007 and 2008 Registrations, in violation of the Copyright Act.[10]

---

[7] ABIM's complaint requested compensatory damages, statutory damages, the costs of this action, an award of reasonable attorneys' fees, and "[s]uch other relief as the [c]ourt deems just and proper." App. 91. ABIM later elected to pursue statutory damages in lieu of actual damages.

[8] The procedural history of this case is long and somewhat complex. We recite only the parts relevant to this appeal.

[9] The District Court had jurisdiction under 28 U.S.C. § 1331. We have jurisdiction under 28 U.S.C. § 1291. We exercise plenary review of a district court's order granting a motion for summary judgment. *See Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist.*, 877 F.3d 136, 141 (3d Cir. 2017). To prevail, Rushford, as the moving party, must show "that there is no genuine dispute as to any material fact" and that he is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We view all evidence and consider all reasonable inferences in a light most favorable to ABIM, the non-moving party. *See Kay Berry, Inc. v. Taylor Gifts, Inc.*, 421 F.3d 199, 203 (3d Cir. 2005) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). With respect to an issue on which ABIM bears the burden of proof, ABIM must set forth facts "sufficient to establish the existence of an element essential to [its] case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

[10] ABIM cannot pursue claims relating to the 2009 Registration. The effective date of the 2009 Registration, September 17, 2009, comes *after* Rushford's alleged acts of infringement in August 2009. This timing poses a problem for ABIM's recovery of statutory damages, as such damages are only available to copyright owners who registered their works before the infringement. 17 U.S.C. § 412. The District Court found that

The Copyright Act grants to a copyright owner "a bundle of exclusive rights." *Harper & Row, Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 546 (1985); *see* U.S. CONST., art. I, § 8, cl. 8 ("The Congress shall have Power . . . To promote the Progress of Science and useful Arts, by securing for limited Times to Authors and Inventors the exclusive Right to their respective Writings and Discoveries."). That bundle includes the rights to reproduce the copyrighted work, to prepare derivative works, and to distribute copies of it "to the public by sale or other transfer of ownership, or by rental, lease, or lending." 17 U.S.C. § 106. Other provisions of the Copyright Act limit the scope of those exclusive rights. The Copyright Act, for example, provides for the "fair use" defense, *id.* § 107, and makes ideas uncopyrightable, *id.* § 102.

To succeed on a claim for copyright infringement, a plaintiff must prove two elements: "(1) ownership of a valid copyright; and (2) unauthorized copying of original

---

statutory damages are the only damages ABIM sought with respect to the 2009 Registration. Accordingly, the District Court held that Rushford was entitled to summary judgment on any infringement claims based on that Registration.

On appeal, ABIM contends it also sought injunctive relief and nominal damages, saving its claims relating to the 2009 Registration. But that argument was not preserved. ABIM made no mention of nominal damages or injunctive relief at the summary judgment stage before the District Court, though it had ample opportunity to do so. ABIM has therefore forfeited its argument that the foreclosure of statutory damages did not undo its copyright claims relating to the 2009 Registration. *See Tri-M Group, LLC v. Sharp*, 638 F.3d 406, 416 (3d Cir. 2011) ("It is axiomatic that arguments asserted for the first time on appeal are deemed to be [forfeited] and consequently are not susceptible to review in this Court absent exceptional circumstances.") (internal quotation marks and citations omitted). And because ABIM fails to provide exceptional circumstances to justify forgiving forfeiture, *see Barna*, 877 F.3d at 147 (quoting *Brown v. Philip Morris Inc.*, 250 F.3d 789, 799 (3d Cir. 2001)), the District Court's 2009 Registration conclusions will be left undisturbed.

elements of the plaintiff's work." *Dun & Bradstreet Software Servs., Inc. v. Grace Consulting, Inc.*, 307 F.3d 197, 206 (3d Cir. 2002). The District Court held that Rushford was entitled to summary judgment as a matter of law because ABIM failed to raise a genuine factual dispute as to the second element: unauthorized copying.[11] Unauthorized copying "comprises two . . . components: actual copying and material appropriation of the copyrighted work." *Tanksley v. Daniels*, 902 F.3d 165, 173 (3d Cir. 2018). For purposes of this appeal, we only address "[a]ctual copying," which "focuses on whether the defendant did, in fact, use the copyrighted work in creating his own." *Id.*

Courts have generally allowed plaintiffs to prove actual copying in three ways: (1) direct evidence of copying; (2) proof of access to the copyrighted work and probative similarity between the works[12]; and (3) proof that the works are strikingly similar. *See Gaste v. Kaiserman*, 863 F.2d 1061, 1066–68 (2d Cir. 1988); *Bouchat v. Baltimore Ravens, Inc.*, 241 F.3d 350, 353–55 (4th Cir. 2001); *Ty, Inc. v. GMA Accessories, Inc.*, 132 F.3d 1167, 1169–70 (7th Cir. 1997); *Ferguson v. Nat'l Broad. Co.*, 584 F.2d 111, 113 (5th Cir. 1978); *Peter Letterese & Assocs., Inc. v. World Inst. of Scientology Enters.*, 533 F.3d 1287,

---

[11] Rushford points to the first element as an alternative ground for affirmance, arguing that ABIM never satisfied the assignment requirement for "work-for-hire" copyright ownership. We need not reach this argument, as we agree with the District Court that ABIM's claim fails at the second element. For the same reason, we need not reach Rushford's argument that this lawsuit is time-barred.

[12] Although some courts use the term "substantial similarity" for the similarity analyses applied in both the actual copying and material appropriation inquiries, those analyses differ, and we therefore prefer the term "probative similarity" in the actual copying context. *Tanksley*, 902 F.3d at 173.

1300–01 (11th Cir. 2008); *La Resolana Architects, PA v. Reno, Inc.*, 555 F.3d 1171, 1178–79 (10th Cir. 2009).

We address each avenue in turn.

### A. ABIM Has Not Shown Direct Evidence of Copying

Direct evidence of copying may be established through "evidence such as party admissions, witness accounts of the physical act of copying, and common errors in the works of plaintiffs and the defendants." *Rottlund Co. v. Pinnacle Corp.*, 452 F.3d 726, 732 (8th Cir. 2006). Such evidence is unavailable in the great majority of copyright cases. *Id.*; *Tanksley*, 902 F.3d at 173. So too here. Although ABIM characterizes Luna's testimony as direct evidence of copying, the evidence here falls short of the kind of direct evidence found in the authority ABIM relies upon for this point. *See, e.g.*, *Nat'l Conf. of Bar Exam'rs v. Multistate Legal Stud., Inc.*, 458 F. Supp. 2d 252, 256 (E.D. Pa. 2006) (finding direct evidence where defendant's employees "regularly wr[o]te down information about the fact patterns, prompts, and answer choices appearing on [copyrighted] examinations that they have taken" and took the notes from the exam site, and one employee "admitted that he uses these notes" when writing questions for a simulated exam). And as explained in more detail below, because we do not have Luna's exam—or adequate information about what was on it—we do not know if it contained questions from the 2007 and 2008 Registration.

9

B.  **ABIM Has Not Shown Evidence of Access and Probative Similarity**

When direct evidence of copying is unavailable, copying may be shown through circumstantial evidence of access and probative similarity between the works. *Tanksley*, 902 F.3d at 173. To demonstrate access, plaintiffs need not prove by direct evidence that defendants gained access to plaintiff's work; rather, access can be inferred by indirect evidence showing a "reasonable possibility of access." *Gaste*, 863 F.2d at 1066. But "[a]ccess must be more than a bare possibility and may not be inferred through speculation or conjecture." *Id.* To demonstrate probative similarity, a plaintiff must provide evidence that the plaintiff's work and the defendant's work share similarities probative of copying. *See id.*

ABIM argues that it proffered indirect evidence of copying with respect to all four allegedly infringing emails. As discussed, these emails can be divided into two groups. We address each group in turn.

1.  **The August 12, 2009 emails**

We first consider the August 12, 2009 emails, which attached the handwritten notes allegedly memorializing Rushford's conversations with Luna.

ABIM seeks to show that those emails prove Rushford's access to copyrighted material through third-party access. A plaintiff may prove access through third parties "connected to both a plaintiff and a defendant." *Id.* at 1067. Such a connection may be established, for example, by showing that the "third party had possession of plaintiff's work and had concurrent dealings with both plaintiff and defendant." *Walker v. Kemp*, 587 F.

Supp. 3d 232, 241 (E.D. Pa. 2022) (quoting *Cottrill v. Spears*, No. 02-3646, 2003 WL 21223846, at *5 (E.D. Pa. May 22, 2003)); *see, e.g.*, *Gaste*, 863 F.2d at 1066–67 (declining to overturn jury verdict finding access where plaintiff's witness testified he had given a copy of the copyrighted work to the owner of one of the defendant corporations). What matters is that the third party had a reasonable opportunity to view the protected work; such an opportunity is sufficient to prove access. *Bouchat*, 241 F.3d at 354–55; *see also* 4 M. & D. Nimmer, *Nimmer on Copyright* § 13D.05 (2025).

ABIM contends it has shown Rushford had third-party access to its protected 2007 and 2008 works through Luna. Luna, recall, took the August 12, 2009 exam and discussed her exam with Rushford. So, to survive summary judgment, there must be more than a "bare possibility" that the material Luna conveyed from that exam was protected by the 2007 and 2008 Registrations. *Gaste*, 863 F.2d at 1066. More specifically, ABIM must demonstrate: (a) that Luna had a reasonable opportunity to view questions from the 2007 or 2008 Registrations on the exam that she took on August 12, 2009; and (b) that Luna conveyed the content of those questions to Rushford. *See Bouchat*, 241 F.3d at 354–55.

ABIM has not met that burden. While Luna's testimony creates a genuine dispute that she conveyed to Rushford some content from her August 12, 2009 exam, there is not enough evidence that the particular content she conveyed was protected by the 2007 and 2008 Registrations.

Consider what is absent from the record. ABIM has not produced a copy of Luna's exam. Neither has ABIM provided any evidence (aside from Ward's report, discussed

11

below) as to the likelihood that the exam questions covered by the 2007 and 2008 Registrations appeared on Luna's exam. And the existence of overlap is far from self-evident. The exam questions at issue—that is, those that appeared on any exam given in 2009 and were covered by the 2007 and 2008 Registrations—amount to a total of only 46 questions,[13] according to ABIM. By contrast, the deposit copy of the 2009 exam modules appears to contain thousands of questions. And the record reflects that, at least in 2009, only a subset of these thousands of questions appeared on a particular student's exam, which comprised no more than a few hundred questions. Without Luna's exam, and with no other evidence regarding how individual exams are constructed—such as information on how often certain questions appear across particular exams—the likelihood that Luna's exam contained those 46 questions amounts to no more than a "bare possibility." *See Gaste*, 863 F.2d at 1066. In other words, this is not sufficient evidence for a factfinder to conclude that Luna had a reasonable opportunity to view those particular questions on her exam.[14]

---

[13] We note that nothing in the record clearly shows the exact number of questions on the 2009 Registration that are covered by the 2007 and 2008 Registrations. ABIM appears to derive the number 46 only from its summary of its expert's similarity report.

[14] Despite ABIM's assertions to the contrary, *Bouchat* is inapposite; there, the plaintiff presented evidence that a third-party intermediary actually received a copy of the protected work. 241 F.3d at 354 (inferring such receipt based on both plaintiff's testimony that he sent a fax of the work, addressed to the intermediary, to an office, as well as evidence that it was that office's practice to forward faxes for the intermediary to the intermediary's law office). Here, as discussed, ABIM presents no evidence as to the likelihood that Luna had an opportunity to view the exam questions at issue.

To close this evidentiary gap, ABIM points to the expert report of Dr. Lawrence D. Ward. In that report, Ward opines that excerpts from Rushford's emails were copied or derived from ABIM exam questions, and provides a table reflecting, for each excerpt, which exam question he believes it copied and why. Ward's matching of excerpts to exam questions is based on his expert analysis of the similarities between them. ABIM contends that these similarities satisfy the access requirement.

Not so. To prove factual copying through indirect evidence, a plaintiff must show both access *and* probative similarity. *See Tanksley*, 902 F.3d at 173. We will not use proof of one element to infer the existence of the other. To do so would collapse a two-prong test into a one-prong test.[15]

### 2. The August 13 & 16, 2009 emails

We can address the other two emails more briefly. With respect to both direct and indirect evidence of copying, ABIM's claims based on these emails fail for the same

---

[15] While not dispositive to our ultimate affirmance, Judge Shwartz is of the view that ABIM's evidence is sufficient to create a dispute of material fact as to third-party access because there is some evidence that questions covered by the 2007 and 2008 registrations were also on the 2009 ABIM Examination that Luna took. Specifically, Ward's expert report includes a chart of similarity comparisons indicating that Luna's 2009 ABIM Examination included questions covered by the 2007 and/or 2008 copyright registrations. Furthermore, Judge Shwartz is of the view that this evidence is also relevant to the issue of probative similarity, relying on it to infer the existence of access would not collapse a two-prong test into a one-prong test as the same facts may be relied upon to support multiple elements of a claim. *Cf. Doe ex rel. Doe v. Lower Merion Sch. Dist.*, 665 F.3d 524, 542 (3d Cir. 2011) (explaining that proof of both racially discriminatory intent and impact is required to sustain a claim for violation of the Equal Protection clause, and that proof of a "racially discriminatory impact" is one factor that may support a finding of discriminatory intent).

13

reason: ABIM cites no evidence about the provenance of the material from those emails that it alleges to be infringing. ABIM speculates that the content came from actual ABIM exams, given certain references in the attachments (e.g., "Board Questions 2007"). But without support in the record showing that Rushford received that material from someone who had a reasonable opportunity to view the exam questions at issue, ABIM cannot establish access.

### C.  ABIM Has Waived Striking Similarity

Although similarity evidence cannot substitute for proof of access under the indirect copying framework, there is a narrow exception to that rule. The striking similarity doctrine, as expressed in *Gaste*, permits an inference of access in cases where the two works in question are so similar as to create a high probability of copying and negate the reasonable possibility of independent creation. *See* 863 F.2d at 1067–68. Several of our sister circuits have adopted this doctrine in agreement with *Gaste*. *E.g.*, *Bouchat*, 241 F.3d at 355–56; *Ty, Inc.*, 132 F.3d at 1170; *La Resolana Architects, PA*, 555 F.3d at 1179. Other circuits that have adopted this doctrine have held, by contrast, that where striking similarity precludes the possibility of independent creation, copying may be proved without a showing of access. *See, e.g.*, *Ferguson*, 132 F.3d at 113. This Circuit has neither accepted nor rejected the striking similarity doctrine, nor have we expressed any views as to which approach we prefer.

While a reader might naturally expect this case to require that we address this issue, given ABIM's reliance on similarity as proof of access, we need not do so. That is because

14

ABIM does not argue that the works at issue here are strikingly similar. Indeed, ABIM states in its Opening Brief that striking similarity is "not at issue in this case," that ABIM "did not offer Dr. Ward's report for that purpose," and that "Dr. Ward did not opine" that the works at issue were strikingly similar. Opening Br. 36 n.3. Accordingly, ABIM has waived any such arguments on appeal, and we may not determine whether there exists a striking similarity between the 46 questions and the allegedly infringing emails. *See Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist.*, 877 F.3d 136, 146–47.

## III.   CONCLUSION

For the reasons discussed above, we will affirm the judgment of the District Court.[16]

---

[16] Judge Shwartz concurs in the judgment affirming the District Court's order granting Rushford summary judgment, though she is of the view that the record provides a basis to infer that Luna was a third-party intermediary with access to the copyrighted works, because there is some evidence that questions covered by the 2007 and 2008 registrations were also on the 2009 ABIM Examination that Luna took. More specifically, Ward's expert report includes a chart indicating that Luna's 2009 ABIM Examination included questions covered by the 2007 and/or 2008 copyright registrations. Viewing the facts and making all reasonable inferences in ABIM's favor, *Hugh v. Butler Cty. Family YMCA*, 418 F.3d 265, 267 (3d Cir. 2005)), ABIM has proffered sufficient evidence to, at a minimum, demonstrate a "reasonable possibility of access" by a third-party intermediary, *Gaste*, 863 F.2d at 1066—at least to one 2009 ABIM Examination that included questions covered by ABIM's 2007 and 2008 copyright registrations.

That said, Judge Shwartz is also of the view that ABIM failed to show a substantial similarity between the copyrighted works and the allegedly infringing works. "If copying is proven (or conceded), the defendant is only liable for infringement if his work is substantially similar to the protected elements of the copyrighted work." *Tanksley*, 902 F.3d at 174. "[S]ubstantial similarity asks whether 'a "lay-observer" would believe that the copying was of protectible aspects of the copyrighted work.'" *Tanksley*, 902 F.3d at 174 (quoting *Dam Things from Denmark, a/k/a Troll Co. ApS, v. Russ Berrie & Co., Inc.*, 290 F.3d 548, 562 (3d Cir. 2002)). "To answer this question, the trier of fact performs a

15

---

side-by-side comparison of the works and, excluding any unprotectable elements, assesses whether the two works are substantially similar." *Id*. ABIM failed to demonstrate substantial similarity because an ordinary observer would see the differences between the questions covered by the 2007 and 2008 registrations and the notes attached to the emails that Rushford sent on August 12, 2009. While ABIM's copyrighted multiple-choice questions include "piece[s] of medical knowledge that . . . a Board Certified physician should know," App. 443, the questions—not the non-protectible concepts that they test— are the protectible expression at issue. *See Educ. Testing Servs. v. Katzman*, 793 F.2d 533, 540 (3d Cir. 1986) (explaining that test maker can "devise questions designed to test [certain] concepts and secure valid copyrights on these questions" but may not secure a copyright in the concepts themselves). Because the notes attached to the August 12, 2009 email do not take the form of multiple-choice questions, they are not substantially similar to the expression protected by ABIM's copyright registrations. Simply put, while ABIM may have proffered evidence that test takers were sharing information about the tests, it has not shown that there is disputed issue of material fact related to the creation of a substantially similar copy of ABIM's copyrighted examination questions.